RONALD O. KAYE, SBN 145051
Email: rok@kmbllaw.com
KEVIN J. LaHUE, SBN 237556
KAYE, McLANE, BEDNARSKI & LITT, LLP
234 East Colorado Boulevard, Suite 230
Pasadena, California 91101
Tel: (626) 844-7660
Fax: (626) 844-7670

Attorneys For Plaintiff
MARK McNEIL

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK McNEIL,<br><br>             Plaintiff,<br><br>        vs.<br><br>INVESTIGATOR SETH FOGEL; INVESTIGATOR DAVID WOLF; INVESTIGATOR DAVID BERMEJO; AND INVESTIGATOR KEN KLADIFKO; AND DOES 1-10, INCLUSIVE;<br><br>             Defendants. | CASE NO:<br><br>**CIVIL RIGHTS COMPLAINT FOR DAMAGES, WITH ATTACHED FELONY CRIMINAL COMPLAINT (EXHIBIT A); AMENDED CRIMINAL COMPLAINT (EXHIBIT B), ALLEGING:**<br><br>**(1) DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. §1983 – WRONGFUL ARREST**<br>**(2) JOINT ACTION/CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS, 42. U.S.C.**<br><br>**DEMAND FOR JURY TRIAL** |

# I.

## SUMMARY OF ALLEGATIONS

1.     In 2011 the Los Angeles District Attorney's Office investigated claims of corruption within the Los Angeles County Assessor's Office. Specifically, the investigation focused on the relationship between Assessor John Noguez (herein "Noguez") and a taxpayer representative Ramin Salari (herein "Salari").   As the Defendants needed an intermediate "link" connecting Noguez and Salari, Defendants intentionally and/or recklessly conspired to falsely charge Plaintiff Mark McNeil (herein "Plaintiff") in the absence of probable cause.

2.     Defendants were aware that there was a lack of probable cause to charge Plaintiff, and there was substantial evidence demonstrating that, if misappropriation did occur, Plaintiff played no role whatsoever. The lack of evidence linking Plaintiff to the underlying conspiracy did not deter Defendants. During the course of this investigation, Defendants generated numerous reports containing fabricated evidence supporting their claim of probable cause, or omitting material exculpatory evidence. Defendant Fogel swore to a Felony Complaint (attached as Exhibit A) which constituted the arrest warrant in this case, alleging, among other counts, that a conspiracy to misappropriate public funds existed between between Noguez, Salari, and Plaintiff.  *See, People v. Mark McNeil*, *et al.* BA 403666.

3.     Despite the fact Defendants knew there was no reasonable basis to believe there was probable cause supporting any of the criminal allegations against Plaintiff, and relying on false statements and omissions that were intentionally or recklessly made in the Complaint, Defendant Fogel swore that "the facts and information set forth in this complaint and in the accompanying documents are true to the best of the undersigned's information and belief and establish probable cause for the issuance of a warrant of arrest."  A cursory review of the evidence

purportedly supporting the charges in the Complaint demonstrates that this representation was without substance, and deceived the superior court that issued the arrest warrant.  As a result of Defendants' conduct, a warrant for Plaintiff's arrest was issued on October, 16, 2012. He was arrested at his home on October 17, 2012.  At the time of this filing, Plaintiff is currently facing criminal charges on a Second Amended Complaint in this case, and awaiting preliminary hearing.

4.     The instant Complaint is filed at this juncture to preserve Plaintiff's rights under the applicable statute of limitations.  As he is currently facing wrongful criminal prosecution, however, the supporting facts are set forth herein in general terms to protect Plaintiff's rights under the Fifth and Sixth Amendments and not to prejudice his defense of these spurious criminal charges.  Plaintiff anticipates requesting a stay of this matter until the resolution of the criminal case, and for leave to amend to supplement this Complaint with specific factual allegations supporting all claims for relief.

## II.

## JURISDICTION AND VENUE

5.     This action is brought by Plaintiff pursuant to 42 U.S.C. §1983.

6.     This Court has jurisdiction under 28 U.S.C. §1343(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. §1983, and under 28 U.S.C. §1331.

7.     The acts and omissions complained of commenced in 2011, and continued through October 17, 2013 within the Central District of California. Therefore, venue lies in this District pursuant to 28 U.S.C. §1391.

## III.

## PARTIES

8.     Plaintiff is a resident of the State of California and resided within the jurisdiction of the State of California at all times herein alleged.  He is 56 years

old.  Plaintiff enlisted in the United States Navy in 1975 and served until 1981.  In the Navy he served as a weapons systems electronics technician assigned to nuclear submarines.  He was honorably discharged from the Navy in 1981 holding the rank of Petty Officer First Class.  In 1985, he graduated from Princeton University with a degree in English.  In 1987, he was hired by the Los Angeles County Assessor's Office.  In 1988 he was certified as a real estate appraiser by the State Board of Equalization.  In 1989, he was promoted to Appraiser Specialist and assigned to the Major Properties Division of the Los Angeles County Assessor.  In 1994, based on his well-regarded service in Major Properties, he was assigned to the Assessment Services Division, Assessment Appeals Board Section, as one of approximately six Assessor's Representatives under Assessor Kenneth Hahn. From 1994 to 1996, while assigned as an Assessor's Representative, he was promoted to Supervising Appraiser.  In 1996, he was reassigned back to Major Properties Division.  In 2003, Assessor Rick Auerbach reassigned him back to his Assessor Representative duties. He was subsequently promoted to Principal Appraiser.  He served as an Assessor's Representative continually through the remainder of Auerbach's term in 2010. In April 2011, he was promoted to Chief Appraiser by unanimous recommendation of the Directors of the Assessor's office: Sharon Moller, Kurt Gensicke and Eric Haagenson. Throughout his career in the U.S. Navy, Los Angeles County Assessor's Office, and Los Angeles County District Attorney's Office, Plaintiff has had an outstanding reputation for honesty and integrity.

9.     At all times relevant herein, Defendant DA Investigator Seth Fogel was employed by and working on behalf of the Los Angeles District Attorney's Office as an Investigator in the Public Integrity Division and resided within the jurisdiction of the State of California. In his capacity as a District Attorney's office Investigator, he actively participated in the investigation and swore to the Felony

3

Complaint resulting in the arrest of Plaintiff McNeil.  Defendant Fogel is sued in his individual and official capacity.

10.    At all times relevant herein, Defendant DA Investigator David Wolf was employed by and working on behalf of the Los Angeles District Attorney's Office as an Investigator and resided within the jurisdiction of the State of California. In his capacity as a District Attorney's office Investigator, he actively participated in the investigation and determination of the existence of probable cause.  Defendant Wolf is sued in his individual and official capacity.

11.    At times relevant herein, Defendant DA Investigator David Bermejo was employed by and working on behalf of the Los Angeles District Attorney's Office as an Investigator and resided within the jurisdiction of the State of California. In his capacity as a District Attorney's office Investigator, he actively participated in the investigation and determination of the existence of probable cause.  Defendant Bermejo is sued in his individual and official capacity.

12.    At times relevant herein, Defendant DA Investigator Ken Kladifko was employed by and working on behalf of the Los Angeles District Attorney's Office as an Investigator and resided within the jurisdiction of the State of California. In his capacity as a District Attorney's office Investigator, he actively participated in the investigation and determination of the existence of probable cause.  Defendant Kladifko is sued in his individual and official capacity.

13.    Plaintiff is informed and believes and thereon alleges that Defendants sued herein as Does 1 through 10, inclusive, were police officers, deputy district attorneys, or district attorney's investigators, and were at all relevant times acting in the course and scope of their employment and agency.  Each Defendant is the agent of the other.  Plaintiff alleges that each of the Defendants named as a "Doe" was in some manner responsible for the acts and omissions alleged herein, and Plaintiff will ask leave of this Court to amend the Complaint to allege such names and responsibility when that information is ascertained.

## IV.

## GENERAL ALLEGATIONS

14.     Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy, and with the permission and consent of other co-Defendants.

15.     Each paragraph of this complaint is expressly incorporated into each cause of action which is a part of this Complaint.

16.     The acts and omissions of all Defendants were engaged in maliciously, callously, oppressively, wantonly, recklessly, and with deliberate indifference to the rights of Plaintiff.

## V.

## FACTUAL ALLEGATIONS

**A.     BACKGROUND ON THE LOS ANGELES COUNTY ASSESSOR AND LOS ANGELES COUNTY ASSESSMENT APPEALS PROCESS**

17.     The Los Angeles County Assessor's Office ("LACAO") performs the annual valuation and assessment of approximately 2,300,000 parcels of real property. Assessments are based on a formula under California Constitution Article XIII A. When fair market value falls below the computed assessment or "roll value" due to market decline in a given year, the taxpayer is entitled to an assessment reduction to the lower fair market value. If the taxpayer cannot obtain an acceptable fair market valuation from the Assessor by direct petition, a neutral three member panel, the Los Angeles County Assessment Appeals Board ("LACAAB"), adjudicates the assessment as a quasi-judicial body in a public

hearing. The LACAAB determines the facts and the fair market value of the disputed assessment. The decisions of the LACAAB are based on their independent judgment, are final, replace the Assessor's judgment, and are binding on both the Assessor and taxpayer.

18.   Taxpayers may represent themselves in LACAAB hearings, or hire a representative, commonly referred to as a tax agent ("AGENT"). The LACAO is represented by two staff members: A testifying appraiser, who presents sworn testimony on conclusions of fair market value; and an Assessor's Representative ("AR"), a civil service supervisory employee assigned to act as an attorney for the LACAO and assist the testifying appraiser present their testimony. The testifying appraiser may modify their opinion of value at any time after reviewing the facts at the hearing, but must justify their opinion to the LACAAB. The AR reviews the testifying appraiser's testimony, but per policy, relies on the testifying appraiser to verify and interpret the underlying facts. At an LACAAB hearing, a disputed assessment may be resolved by a value recommendation presented by the testifying appraiser, approved by the AR, and accepted by the agent.  The LACAAB is not bound to accept the recommended value, but may do so after examining the testifying appraiser under oath and satisfying themselves it represents a fair value. The LACAAB may stop and continue the hearing if they are not satisfied as to the adequacy of the supporting facts. The AR is typically not examined on the facts or conclusions of value, as the AR does not appear as a witness.

## B.    THE CRIMINAL INVESTIGATION

19.   In 1992 LACAO appraiser Scott Schenter began improperly altering and reducing property assessments without authorization.  In 2002, he began receiving undisclosed checks from taxpayer's agent Ramin Salari.

20.   In 2009, Los Angeles County experienced a large and unexpected

decline in real estate values across all categories.  Then Assessor Auerbach directed his staff to lower the assessed values of property if the facts justified reductions. Over 300,000 reassignments of single family residences were reduced with no requirement that the taxpayer petition the Assessor's office.

21.    In  November 2010, Assessor John Noguez was elected to succeed Assessor Auerbach.  Noguez assumed office in December of 2010.

22.    In January of 2011,  a supervising appraiser in the LACAO discovered problematic assessments made by his colleague Scott Schenter.  Schenter was investigated and proceedings to terminate Schenter began under Noguez.  Schenter resigned in January 2011 before he was terminated.

23.    In approximately June 2011, Noguez submitted Schenter's fraud to the Los Angeles District Attorney for investigation and prosecution.

24.    On December 21, 2011, defeated candidates for Assessor Chief Appraiser John Dortch and Principal Appraiser Adrian Gomez met with Defendant Fogel of the Public Integrity Unit.  Gomez and Dortch stated their suspicions that there was corruption in the Assessor's office between Noguez and taxpayer's agents including Ramin Salari.  Neither Gomez nor Dortch had any specific information regarding a crime. Rather, they complained about ARs presenting recommendations to reduce assessments before the LACAAB.

25.    Defendant Seth Fogel was the lead investigator for the District Attorney's investigation, and as such, was apprised of all aspects of this investigation.

26.    In approximately February, 2012, Defendant Seth Fogel discovered that Noguez had received loan payments of $180,000 from taxpayer's agent Salari. The loans were dated April 26, 2010, July 29, 2010, and September 29, 2010. Salari's loans to Noguez were secured with promissory notes which included specific repayment terms. The loans also were subject to interest and penalties. There is no

law prohibiting the loans to Noguez. Under the Political Reform Act, the loans were subject to disclosure by Noguez in his position as the elected Los Angeles County Assessor.  Noguez, however, did not list the loans on his disclosure forms.

27.    On April 25, 2012, teams of DA Investigators acting under warrants obtained by Defendant Fogel, including Defendants Bermejo, Kladifko and Wolf, searched various offices of the LACAO and Noguez's personal residence in Huntington Park, California. Investigators searched Plaintiff's office in Culver City.  At that time, Plaintiff voluntarily spoke to DA investigators including Defendant Wolf about their investigation and provided a two hour recorded statement. Plaintiff stated that apart from Schenter, he was unaware of any corruption, misappropriation or unjustified reduced appraisals in the LACAO.

28.    On April 25, 2012, the DA's investigators recovered a two page list of 18 properties created by Salari in the home of Noguez.  Pursuant to the inventory of documents seized, no accompanying documents were recovered in connection with the list of properties.

29.    On May 21, 2012, the DA's Bureau of Investigation and Public Integrity Division, on their affidavit and complaint, caused Scott Schenter to be arrested in Oregon on charges of Penal Code Section 424, Misappropriation of Public Funds.

30.    On May 23, 2012, Defendants Fogel and Wolf interviewed Schenter in custody in Multnomah County Jail in Oregon.  In return for Schenter's cooperation, Defendants Fogel and Wolf promised, amongst other benefits, complete relief from prosecution for a Possessory Interest fraud previously committed by Schenter going back to the 1990s. That fraud was estimated later by Defendant Fogel to amount to $887,000,000 in assessment value.

31.     At that meeting on May 23, 2012, Schenter accepted the terms offered by Defendants Fogel and Wolf. This deal formed the framework of Schenter's relationship with the District Attorney office and their investigation of Noguez.

32.     Throughout the investigation, the District Attorney's Office espoused a false concept of how property values are appropriately assessed in the LACAO which permeated its entire investigation and forms the basis for the Felony Complaint's allegations of Conspiracy and Misappropriation against Plaintiff. Defendants sought the arrest of Plaintiff based on either an intentional or reckless mischaracterization of what constitutes a criminal violation of assessment law.

33.     On September 28, 2012 the District Attorney's Office subpoenaed 7 years of Plaintiff's bank records, dating back to 2005. The returned bank records showed Plaintiff received no illicit payments from any source.

34.     In May through October of 2012 the District Attorney's Office empaneled a grand jury in an attempt to secure an Indictment in this case. Apparently it was unsuccessful.

35.     On October 16, 2012, Defendant Fogel swore out an affidavit and complaint (herein "Felony Complaint") for the arrest of Plaintiff, Noguez and Salari.

36.     On October 17, 2012, Plaintiff was arrested at his personal residence by DA investigators led by Defendant Kladifko acting on the warrant obtained by Defendant Fogel's affidavit and complaint.

37.     After his October 17, 2012 arrest, Plaintiff was prohibited from engaging in further employment by the LACAO.  Shortly thereafter, LACAO terminated his income and benefits, after 25 years of outstanding service.

38.     On April 22, 2013, an Amended Felony Complaint was filed against Plaintiff dismissing Counts 25-29 in the Felony Complaint but adding additional Counts 33-43 (Amended Felony Complaint attached as Exhibit B hereto).  It was

again sworn to by Defendant Fogel.  A Second Amended Complaint was filed on June 4, 2013 and a Third Amended Complaint was filed on October 4, 2013.

C.    DEFENDANTS INTENTIONALLY OR RECKLESSLY PROVIDED FALSE EVIDENCE AND / OR OMITTED FACTS MATERIAL TO A FINDING OF PROBABLE CAUSE AND/OR KNEW OR REASONABLY SHOULD HAVE KNOWN THERE WAS NO PROBABLE CAUSE TO SUPPORT ANY OF THE 14 COUNTS IN THE FELONY COMPLAINT NOR THE ADDITIONAL 11 COUNTS WITHIN THE AMENDED FELONY COMPLAINT AGAINST PLAINTIFF WHICH CAUSED HIS WRONGFUL ARREST

1.    *Defendants Intentionally or Recklessly Misconstrued How Value Is Assessed In All Misappropriation Counts Against the Plaintiff*

39.    Counts 19-31 of the Felony Complaint and Counts 33-43 of the Amendment Felony Complaint falsely allege misappropriation of amounts equal to the difference between the unadjusted maximum "roll value" of the given property and the final recommended value approved by the LACAAB.  These claimed "losses" were also the predicate to determine the amount of Plaintiff's bail.

40.    Defendants' erroneous conception of appropriate value was espoused throughout the investigation of this case.

41.    Defendants were aware, however, through numerous interviews with percipient witnesses within the LACAO as well as from, on information and belief, a review of the relevant well established statutes and codes, of the correct valuation concept.

42.    Defendants deliberately misconstrued the premise of the LACAO's assessment of properties in order to create a theory which enabled them to purportedly establish probable cause. Defendants knew or should have known that

10

the use of this false standard was incorrect, and was used solely as a vehicle to argue for criminal liability against Plaintiff.

43. By omitting the correct valuation concept, Defendant Fogel falsely alleged in the Felony Complaint that because Plaintiff had relied on and approved value opinions from testifying appraisers recommending values to the LACAAB below the highest possible assessed value, Plaintiff misappropriated public funds – leading to Plaintiff's wrongful arrest.

> **2.** *Defendants Were Aware That Plaintiff Could Not Have Committed the Crime of Misappropriation (PC §424)*

44. Defendants were aware that in his capacity as an AR, all of Plaintiff's approved recommendations were made in open, transparent public hearings and provided the LACAAB the opportunity to fully examine relevant witnesses.

45. Given Plaintiff's position as an AR during the relevant time period, the Defendants knew or should have known, given the relevant statutes, codes, and well established case law, that Plaintiff could not have committed the crime of misappropriation (PC §424).

46. By omitting that by virtue of this position as an AR Plaintiff was legally incapable of committing the crime of misappropriation (PC §424) during LACAAB hearings, Defendant Fogel falsely caused Plaintiff's arrest.

> **3.** *Defendants Intentionally or Recklessly Omitted Material Facts Regarding the Credibility of Critical Cooperating Witness Scott Schenter and Mischaracterized or Omitted Numerous Exculpatory Statements He Made Regarding Plaintiff.*

47. Scott Schenter (herein "Schenter") is a former appraiser in the Assessor's office and the critical cooperating witness during the investigation of the Plaintiff. Schenter was interviewed on numerous occasions by Defendants. Schenter is the only percipient witness to Counts 19- 21 of the Complaint and

Counts 35-38 and 41-42 of the Amended Felony Complaint.  In his role as the key cooperating percipient witness to relevant events, however, he routinely lied and deceived the investigators throughout the investigation.  Defendants intentionally omitted or mischaracterized known facts critical to both Schenter's credibility and veracity as an informant, as well as exculpatory statements he made regarding the Plaintiff and others.  Schenter's omitted exculpatory statements significantly undermine any finding of probable cause that a conspiracy existed between Noguez, Salari, and Plaintiff or that any knowing misappropriations occurred.

    *4.*    *The Defendants Intentionally or Recklessly Made False Statements or Omissions Material to a Finding of Probable Cause As To Each Count of the October 16, 2012 Felony Complaint Against Plaintiff.*

    48.    Count 13 of the Felony Complaint falsely alleges a conspiracy between Plaintiff, Noguez, and Salari to misappropriate public funds.  The Complaint sets forth 24 separate Overt Acts in support of this Count.  Counts 19-31 of the Felony Complaint falsely allege Noguez, Salari, and Plaintiff misappropriated public funds pursuant to various LACAAB hearings.  Based on numerous relevant documents demonstrating Plaintiff had no involvement in these hearings and/or supporting the reasonableness of the property assessments made and interviews with numerous individuals including percipient appraisers and ARs exculpating the Plaintiff, however, the Defendants had no reasonable belief that these Counts were supported by probable cause and deliberately or recklessly provided false evidence and/or omitted material evidence to support them.

    *5.*    *Defendants Intentionally or Recklessly Made False Statements or Omissions Material to a Finding of Probable Cause As To Each of Counts 33-43 Added Against Plaintiff in the Amended Felony Complaint on April 22, 2013.*

    49.    Counts 33-43 added against Plaintiff in the Amended Felony

Complaint on April 22, 2013 falsely allege Noguez, Salari, and Plaintiff misappropriated public funds pursuant to various LACAAB hearings. Based on numerous relevant documents demonstrating Plaintiff had no involvement in these hearings and/or supporting the reasonableness of the property assessments made and interviews with percipient appraisers and ARs exculpating the Plaintiff, however, the Defendants had no reasonable belief that these Counts were supported by probable cause and deliberately or recklessly provided false evidence and/or omitted material evidence to support it.

### D.     PARTICIPATION, STATE OF MIND AND DAMAGES

50.     Defendants and Defendant Does 1-10 acted without authorization of law.

51.     Each Defendant participated in the violations alleged herein, or directed the violations alleged herein, or knew of the violations alleged herein and failed to act to prevent them. Each Defendant ratified, approved or acquiesced in the violations alleged herein.

52.     As joint actors with joint obligations, each Defendant was and is responsible for the failures and omissions of the other.

53.     Each Defendant acted individually and in concert with the other Defendants and others not named in violating Plaintiff's rights.

54.     Each Defendant acted with a deliberate indifference to or, reckless disregard for, an accused's rights to be free of arrest without probable cause or accused of a crime based on false and fabricated evidence.

55.     As a direct and proximate result of the aforesaid acts, omissions, and decisions of the Defendants, Plaintiff has suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, apprehension, loss of earnings and loss of

financial stability which have caused Plaintiff to sustain damages in a sum to be determined at trial.

56.     The aforementioned acts of the Defendants, and each of them, was willful, wanton, malicious, oppressive, in bad faith and done with reckless disregard or with deliberate indifference to the constitutional rights of the Plaintiff, entitling Plaintiff to exemplary and punitive damages from each Defendant in an amount to be proven at the trial of this matter.

57.     By reason of the above described acts and omissions of Defendants Plaintiff was required to retain an attorney to institute and prosecute the within action, and to render legal assistance to Plaintiff that he might vindicate the loss and impairment of his rights, and by reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. § 1988.

## FIRST CLAIM FOR RELIEF

**DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. § 1983 –FOURTH AMENDMENT AND FOURTEENTH AMENDMENT VIOLATIONS (Against Defendants Fogel, Wolf, Bermejo, Kladifko, and Does 1-10)**

58.     Plaintiff realleges paragraphs 1 through 57, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

59.     Defendants and Does 1-10, while acting under color of law, as agents for the County of Los Angeles deprived Plaintiff of his civil rights by violating his right under the Fourth Amendment to be free from unreasonable seizures and his right under the Fourteenth Amendment to due process of law in that they seized him and/or caused him to be seized and imprisoned, without a lawful warrant or probable cause to believe that he was involved in a criminal activity and/or knowingly using false and fabricated evidence and/or omitting material evidence to cause him to be wrongfully arrested.

60.     The above acts and omissions, while carried out under the color of law,

14

have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the court of protecting persons or property, or ensuring civil order.

61.   Plaintiff has a right to be free from unreasonable seizures as protected by the Fourth Amendment, and a right to be free from deprivation of his liberty without due process of law, as protected by the Fourth Amendment.  Plaintiff has a liberty interest in being free from abusive governmental action and in being accorded procedural and substantive due process of law.  All of these rights and privileges are secured by plaintiffs by the provisions of the Fourth Amendment and Due Process clause of the Fourteenth Amendment to the United States Constitution and by 42 U.S. §1983.  All of these interests were implicated by the wrongful conduct of the Defendants, which proximately caused the injuries and damages to Plaintiff, as herein alleged.

62.   As a direct and proximate result of the foregoing, Plaintiff sustained injury and damage as hereinabove alleged.

## SECOND CLAIM FOR RELIEF

**JOINT ACTION/CONSPIRACY TO VIOLATE CIVIL RIGHTS – 42 U.S.C. §1983 – FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS (Against Defendants Fogel, Wolf, Bermejo, Kladifko and Does 1-10)**

63.   Plaintiff realleges paragraphs 1 through 62, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

64.   Defendants and Does 1-10 were jointly and severally responsible as investigators assigned to Plaintiff's case to not interfere with Plaintiff's right be free from having false and fabricated charges filed against them and arrest without probable cause.

65.   On information and belief, prior to the filing of the Felony Complaint reflecting charges against Plaintiff, Defendants were aware that there was no reasonable probable cause to support criminal charges against Plaintiff and that false statements and omissions of facts material to a finding of probable cause were necessary to secure a warrant for arrest for Plaintiff.  As the Defendants viewed Plaintiff as a necessary "link" in their theory connecting Noguez and Salari, however, they conspired to falsely charge him.

66.   Defendants and Does 1-10, acting under color of state law, acted in concert, conspired and agreed to deprive Plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States, in particular the right to from having false and fabricated charges filed against them and arrest without probable cause, as elaborated above. Each effort to interfere with Plaintiff's rights constitutes an overt act in furtherance of said conspiracy.

67.   Alternatively as joint actors with joint obligations, each of them was and is responsible for the failures and omissions of the other.

68.   As a result of each of the Defendants' violations of Plaintiff's constitutional right to be free from having false and fabricated charges filed against him and arrest without probable cause, Plaintiff was damaged as alleged below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Mark McNeil, requests relief on his own behalf as follows, and according to proof, against each Defendant:

1.   General and compensatory damages in an amount according to proof;

2.   Special damages in an amount according to proof;

3.   Exemplary and punitive damages against each Defendant, in an amount according to proof;

4.   A declaration that the acts and/or omissions of each Defendant violated Plaintiff's rights under the United States Constitution;

16

5.      Costs of suit, including attorneys' fees, under 42 U.S.C. §1988 and whatever other provision of law may be applicable; and,

6.      Such other relief as may be warranted or as is just and proper.

Respectfully submitted,

KAYE, McLANE, BEDNARSKI & LITT, LLP

DATED:   October 16, 2014          By: _Ronald Kaye_____
                                                RONALD O. KAYE
                                                Attorneys for Plaintiff
                                                MARK McNEIL

## JURY DEMAND

Trial by jury of all issues is demanded.

KAYE, McLANE, BEDNARSKI & LITT, LLP

DATED: October 16, 2014          By:___ Ronald Kaye
                                                RONALD O. KAYE
                                                Attorneys for Plaintiff
                                                MARK McNEIL

17

**Exhibit A**



SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| THE PEOPLE OF THE STATE OF CALIFORNIA, | CASE NO. BA4036~~ |
|---|---|
| Plaintiff, | |
| v. | |
| 01  JUAN RENALDO RODRIGUEZ  (11/29/1964),<br>     aka JOHN NOGUEZ, | *FELONY COMPLAINT*<br>*FOR EXTRADITION* |
| 02  RAMIN SALARI  (01/28/1963), and | |
| 03  MARK MCNEIL  (01/11/1958) | |
| Defendant(s). | |

The undersigned is informed and believes that:

COUNT 1

On or about April 26, 2010, in the County of Los Angeles, the crime of ACCEPTING A BRIBE, in violation of PENAL CODE SECTION 68, a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, who unlawfully and knowingly asked for, received, and agreed to receive of and from Ramin Salari, a bribe, to wit, $80,000, for the purpose of influencing the action of said defendant and upon an agreement and understanding that the action of said defendant upon a matter then pending before the said defendant in his official capacity, to wit, Special Assistant to the Assessor of Los Angeles County, should be influenced thereby, said defendant being then and there an executive and a Ministerial Officer, employee, and appointee of the State of California.

* * * * *

**Ex. A-1**

COUNT 2

On or about April 26, 2010, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence JUAN RENALDO RODRIGUEZ aka John Noguez in respect to an act, decision, vote, opinion and proceeding of said JUAN RENALDO RODRIGUEZ aka John Noguez, give and offer to give a bribe, to wit, $80,000.

\* \* \* \* \*

COUNT 3

On or about July 29, 2010, in the County of Los Angeles, the crime of ACCEPTING A BRIBE, in violation of PENAL CODE SECTION 68, a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, who unlawfully and knowingly asked for, received, and agreed to receive of and from Ramin Salari, a bribe, to wit, $50,000, for the purpose of influencing the action of said defendant and upon an agreement and understanding that the action of said defendant upon a matter then pending before the said defendant in his official capacity, to wit, Special Assistant to the Assessor of Los Angeles County, should be influenced thereby, said defendant being then and there an executive and a Ministerial Officer, employee, and appointee of the State of California.

\* \* \* \* \*

COUNT 4

On or about July 29, 2010, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence JUAN RENALDO RODRIGUEZ aka John Noguez in respect to an act, decision, vote, opinion and proceeding of said JUAN RENALDO RODRIGUEZ aka John Noguez, give and offer to give a bribe, to wit, $50,000.

\* \* \* \* \*

*FELONY COMPLAINT FOR EXTRADITION*

**Ex. A-2**

COUNT 5

On or about September 29, 2010, in the County of Los Angeles, the crime of ACCEPTING A BRIBE, in violation of PENAL CODE SECTION 68, a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, who unlawfully and knowingly asked for, received, and agreed to receive of and from Ramin Salari, a bribe, to wit, $50,000, for the purpose of influencing the action of said defendant and upon an agreement and understanding that the action of said defendant upon a matter then pending before the said defendant in his official capacity, to wit, Special Assistant to the Assessor of Los Angeles County, should be influenced thereby, said defendant being then and there an executive and a Ministerial Officer, employee, and appointee of the State of California.

\* \* \* \* \*

COUNT 6

On or about September 29, 2010, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence Juan Renaldo Rodriguez aka John Noguez in respect to an act, decision, vote, opinion and proceeding of said JUAN RENALDO RODRIGUEZ aka John Noguez, give and offer to give a bribe, to wit, $50,000.

\* \* \* \* \*

COUNT 7

On or about February 17, 2010, in the County of Los Angeles, the crime of ACCEPTING A BRIBE, in violation of PENAL CODE SECTION 68, a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, who unlawfully and knowingly asked for, received, and agreed to receive of and from Ramin Salari, a bribe, to wit, $5,000, for the purpose of influencing the action of said defendant and upon an agreement and understanding that the action of said defendant upon a matter then pending before the said defendant in his official capacity, to wit, Special Assistant to the Assessor of Los Angeles County, should be influenced thereby, said defendant being then and there an executive and a Ministerial Officer, employee, and appointee of the State of California.

\* \* \* \* \*

COUNT 8

On or about February 17, 2010, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence Juan Renaldo Rodriguez aka John Noguez in respect to an act, decision, vote, opinion and proceeding of said Juan Renaldo Rodriguez aka John Noguez, give and offer to give a bribe, to wit, $5,000.

\* \* \* \* \*

COUNT 9

On or about December 16, 2010, in the County of Los Angeles, the crime of PERJURY BY DECLARATION, in violation of PENAL CODE SECTION 118(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, who did unlawfully, under penalty of perjury, declare as true, that which was known to be false, to wit: that he had received no loans, on his Statement of Economic Interest, Form 700, for 2010.

\* \* \* \* \*

Ex. A-4

COUNT 10

On or about April 2, 2012, in the County of Los Angeles, the crime of PERJURY BY DECLARATION, in violation of PENAL CODE SECTION 118(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, who did unlawfully, under penalty of perjury, declare as true, that which was known to be false, to wit: that he had received no loans, on his statement of Economic Interest, Form 700, for 2011.

\* \* \* \* \*

COUNT 11

On or about January 13, 2011, in the County of Los Angeles, the crime of PERJURY BY DECLARATION, in violation of PENAL CODE SECTION 118(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, who did unlawfully, under penalty of perjury, declare as true, that which was known to be false, to wit: that he had no reportable interests on any schedule, on his Statement of Economic Interest, Form 700, for 2010.

\* \* \* \* \*

COUNT 12

On or about January 26, 2011, in the County of Los Angeles, the crime of PERJURY BY DECLARATION, in violation of PENAL CODE SECTION 118(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, who did unlawfully, under penalty of perjury, declare as true, that which was known to be false, to wit: that he had no reportable interests on any schedule, on his Statement of Economic Interest, Form 700, for year 2010.

\* \* \* \* \*

COUNT 13

On or between February 1, 2010 and December 31, 2011, in the County of Los Angeles, the crime of CONSPIRACY TO COMMIT A CRIME, in violation of PENAL CODE SECTION 182(a)(1), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who did unlawfully conspire together and with another person and persons whose identity is unknown to commit the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of Section 424(A)(1) of the PENAL Code, a felony; that pursuant to and for the purpose of carrying out the objectives and purposes of the aforesaid conspiracy, the said defendants committed the following overt act and acts at and in the County of LOS ANGELES:

OVERT ACT NO. 1

On or about February 17, 2010, Ramin Salari gave a $5,000 campaign donation to Los Angeles County Assessor candidate Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 2

On or about March 17, 2010, Mark McNeil appeared at an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 4261-014-021 (1752 Federal Avenue, Los Angeles, California) a property represented by tax agent Ramin Salari.

OVERT ACT NO. 3

On or about March 17, 2010, Mark McNeil appeared at an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 4281-029-022 (902 Washington Ave, Santa Monica, California) a property represented by tax agent Ramin Salari.

OVERT ACT NO. 4

On or about March 17, 2010, Mark McNeil appeared at an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 4363-006-022 (641 Gayley Avenue, Los Angeles, California) a property represented by tax agent Ramin Salari.

OVERT ACT NO. 5

On or about April 26, 2010, Ramin Salari caused the issuance of check #3784 in the amount of $80,000 to Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 6

On or about July 27, 2010, Mark McNeil appeared at  an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 4188-016-107 (415 Herondo Street, Hermosa Beach, California) a property represented by tax agent Ramin Salari.

**Ex. A-6**

OVERT ACT NO. 7

On or about July 27, 2010, Mark McNeil appeared at an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 4188-016-072 (420 2nd Street, Hermosa Beach, California) a property represented by tax agent Ramin Salari.

OVERT ACT NO. 8

On or about July 27, 2010, Mark McNeil appeared at in an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 7355-031-054 (21515 S. Western Avenue, Torrance, California) a property represented by tax agent Ramin Salari.

OVERT ACT NO. 9

On or about July 29, 2010, Ramin Salari caused the issuance of check # 3839 in the amount of $50,000 to Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 10

On or about September 29, 2010, Ramin Salari caused the issuance of check # 3902 in the amount of $50,000 to Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 11

Between the dates of October 28, 2010, and February 10, 2011, Ramin Salari provided a list of properties to Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 12

On or about February 3, 2011 Assessor Representative Mark McNeil appeared at an Assessment Appeals Board hearing which resulted in the reduction of the assessed value of the properties described as AIN 5533-012-021 & 5533-012-022 (1028 Seward Street, Los Angeles, California and 1034 Seward Street, Los Angeles California) properties represented by tax agent Ramin Salari and contained in a list of properties found in the home of Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO.13

On or about July 5, 2011, Assessor employee Tony Stearns was assigned by Mark McNeil to appear at an Assessment Appeals Board hearing which resulted in the reduction of the assessed value of the property described as AIN 5545-009-005 (Old Spaghetti Factory) a property represented by tax agent Ramin Salari and contained in a list of properties found in the home of Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 14

On or about June 13, 2011, Assessor employee Roger Walls was assigned by Mark McNeil to appear at an Assessment Appeals Board hearing which resulted in the reduction of the assessed value of the property described as AIN 5517-014-013 (268 S. Hobart Blvd, Los Angeles, California) a property represented by tax agent Ramin Salari and contained in a list of properties found in the home of Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 15

On or about June 13, 2011, Assessor Representative Tony Stearns was assigned by Mark McNeil to appear at an Assessment Appeals Board hearing which resulted in the reduction of the assessed value of the property described as AIN 5526-038-014 (7411 Beverly Boulevard, Los Angeles, California) a property represented by tax agent Ramin Salari and contained in a list of properties found in the home of Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 16

On or about June 13, 2011, Assessor Representative Tony Stearns was assigned by Mark McNeil to appear at an Assessment Appeals Board hearing which resulted in the reduction of the assessed value of the property described as AIN 4337-009-066 (463 N. La Cienega, Los Angeles, California) a property represented by tax agent Ramin Salari and contained in a list of properties found in the home of Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 17

On or about June 13, 2011, Assessor Representative Tony Stearns was assigned by Mark McNeil to appear at an Assessment Appeals Board hearing which resulted in the reduction of the assessed value of the property described as AIN 5160-023-008/009 (1243 Temple Street, Los Angeles, California) a property represented by tax agent Ramin Salari and contained in a list of properties found in the home of Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 18

On September 27, 2011, Los Angeles County Assessor Juan Renaldo Rodriguez, aka John Noguez, Mark McNeil, and other Assessor executives, attended an Assessment Appeals Hearing for the property described as AIN 2350-018-084 (EQR Academy Village Apartments, 5225 Blakeslee Avenue, Hollywood, California) a property represented by Ramin Salari, where Juan Renaldo Rodriguez, aka John Noguez, met with the testifying appraiser and Assessor executives met with Assessor Representative Roger Walls.

OVERT ACT NO. 19

On September 27, 2011, at an Assessment Appeals Board hearing regarding the property described as AIN 2350-018-084 (EQR Academy Village Apartments, 5225 Blakeslee Avenue, Hollywood, California) Assessor Representative Roger Walls, who was assigned by Mark McNeil, recommended an assessed value lower than the assessed value recommended by the testifying appraiser.

OVERT ACT NO. 20

On October 4, 2011, Los Angeles County Assessor Juan Renaldo Rodriguez, aka John Noguez, directed and participated in a meeting in which a testifying appraiser was chastised by Assessor executives and Ramin Salari for not agreeing with an assessed value recommended by Assessor Representative Roger Walls.

OVERT ACT NO. 21

On or about December 1, 2011, Ramin Salari sent an email to Juan Renaldo Rodriguez, aka John Noguez, complaining about the assignment of Assessor Special Assistant David Zoraster to represent the Assessor's Office in an Assessment Appeals Board hearing set for December 6, 2011, regarding a property represented by tax agent Ramin Salari.

*FELONY COMPLAINT FOR EXTRADITION*

**Ex. A-8**

OVERT ACT NO. 22

On or about December 2, 2011, David Zoraster was removed at the direction of Juan Renaldo Rodriguez, aka John Noguez, from the Assessment Appeals Board hearing set for December 6, 2011, and replaced by Assessor Representative Tony Sterns and Marcus deLaat.

OVERT ACT NO. 23

On or about December 6, 2011, Mark McNeil sent an email to his supervisors supporting the assessed value of the properties described as AIN 4188-016-107, (415 Herondo Street, Hermosa Beach, California) and 4188-016-072, (420 2nd Street, Hermosa Beach, California) as proposed by tax agent Ramin Salari, and criticizing the assessed value recommended by the assigned Assessor appraiser.

OVERT ACT NO. 24

On April 25, 2012 , Juan Renaldo Rodriguez was in possession of a list of properties, as well as accompanying Assessor documents, all of which were represented by tax agent Ramin Salari.


* * * * *


COUNT 14


On or between October 1, 2010 and December 31, 2010, in the County of Los Angeles, the crime of CONSPIRACY TO COMMIT A CRIME, in violation of PENAL CODE SECTION 182(a)(1), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ and RAMIN SALARI, who did unlawfully conspire together and with another person and persons whose identity is unknown to commit the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of Section 424(A)(1) of the PENAL Code, a felony; that pursuant to and for the purpose of carrying out the objectives and purposes of the aforesaid conspiracy, the said defendants committed the following overt act and acts at and in the County of LOS ANGELES:


OVERT ACT NO. 1

On or about February 17, 2010, Ramin Salari gave a $5,000 campaign donation to Los Angeles County Assessor candidate Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 2

On or about April 26, 2010, Ramin Salari caused the issuance of check #3784 in the amount of $80,000 to Juan Renaldo Rodriguez, aka John Noguez.

*FELONY COMPLAINT FOR EXTRADITION*

**Ex. A-9**

OVERT ACT NO. 3

On or about July 29, 2010, Ramin Salari caused the issuance of check #3839 in the amount of $50,000 to Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 4

On or about September 29, 2010, Ramin Salari caused the issuance of check #3902 in the amount of $50,000 to Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 5

Between the dates of October 1, 2010, and November 30, 2010, Juan Renaldo Rodriguez, aka John Noguez, approached Assessor appraiser Scott Schenter and told him to "take care of our buddy Ramin," and, "We have to take care of our donors."

OVERT ACT NO. 6

Between the dates of October 1, 2010, and November 30, 2010, Ramin Salari provided Scott Schenter with a list of Appraiser Identification Numbers for properties being represented by tax agent Ramin Salari along with corresponding assessed values requested by Ramin Salari for each property.

OVERT ACT NO. 7

Between the dates of October 1, 2010, and January 3, 2011, Assessor appraiser Scott Schenter prepared multi-value transfer forms reducing the assessed values of over 30 properties as requested by Ramin Salari.

\* \* \* \* \*


COUNT 15


On or about August 23, 2010, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence Scott Schenter in respect to an act, decision, vote, opinion and proceeding of said Scott Schenter, give and offer to give a bribe, to wit, $30,000.


\* \* \* \* \*

## COUNT 16

On or about October 8, 2010, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence Scott Schenter in respect to an act, decision, vote, opinion and proceeding of said Scott Schenter, give and offer to give a bribe, to wit, $10,000.

* * * * *

## COUNT 17

On or about October 29, 2010, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence Scott Schenter in respect to an act, decision, vote, opinion and proceeding of said Scott Schenter, give and offer to give a bribe, to wit, $10,000.

* * * * *

## COUNT 18

On or about December 7, 2010, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence Scott Schenter in respect to an act, decision, vote, opinion and proceeding of said Scott Schenter, give and offer to give a bribe, to wit, $50,000.

* * * * *

**Ex. A-11**

COUNT 19

On and between March 17, 2010 and May 7, 2010, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refund of $8,954.92 for property AIN 4261014021.

* * * * *

COUNT 20

On and between March 17, 2010 and May 7, 2010, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refund of $14,816.75 for property AIN 4363-006-022.

* * * * *

COUNT 21

On or about March 17, 2010 , in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refund of $47,000.00, for property AIN 4406-006-006..

* * * * *

COUNT 22

On and between July 27, 2010 and September 17, 2010, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refund of $279,786.30 for property AIN 4188-016-107.

* * * * *

**Ex. A-13**

COUNT 23

On and between  July 27, 2010 and October 8, 2010, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refund of $284,304.88 for property AIN 4188-016-072.

\* \* \* \* \*

COUNT 24

On and between July 27, 2010 and September 17, 2010, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refund of $157,752.32 for property AIN 7355-031-054.

\* \* \* \* \*

COUNT 25

On or about February 3, 2011, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refund of $81,089.45 for property AIN 5533-012-021, and $8,087.44 for property AIN 5533-012-022.

\* \* \* \* \*

COUNT 26

On and between  June 13, 2011 and October 7, 2011, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refund of $8,128.62 for property AIN 5517-014-013.

\* \* \* \* \*

*FELONY COMPLAINT FOR EXTRADITION*

**Ex. A-15**

COUNT 27

On and between  June 13, 2011 and October 7, 2011, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refund of $4,459.23 for property AIN 5160-023-008, and $2,468.48 for property AIN 5160-023-009.

* * * * *

COUNT 28

On or about June 13, 2011, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refunds of $12,015.56 for property AIN 5526-038-014.

* * * * *

COUNT 29

On and between  June 13, 2011 and October 7, 2011, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refund of $5,824.12 for property AIN 4337-009-066.

* * * * *

**Ex. A-16**

COUNT 30

On and between July 5, 2011 and December 9, 2011, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refunds of $80,348.54 for property AIN 5545-009-035.

\* \* \* \* \*

COUNT 31

On and between  August 29, 2011 and October 20, 2011, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refund of $166,883.34 for property AIN 7355-031-054.

\* \* \* \* \*

COUNT 32

On or about July 27, 2011, in the County of Los Angeles, the crime of PERJURY BY DECLARATION, in violation of PENAL CODE SECTION 118(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ, who did unlawfully, under penalty of perjury, declare as true, that which was known to be false, to wit: That as the Assessor of Los Angeles County he did not allow anyone to escape a just and equal assessment through favor, reward or otherwise in his Assessor's Affidavit.

* * * * *

It is further alleged as to count(s) 13, 14, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31  that in the commission of the above offense(s) the said defendant(s), MARK MCNEIL, RAMIN SALARI and JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, with the intent to do so, took, damaged, and destroyed property of a value exceeding $150,000, within the meaning of Penal Code section 12022.6(a)(2).

It is further alleged, pursuant to Penal Code section 186.11(a), that the offenses set forth in counts 13, 14, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28 29, 30 and 31 are related felonies, a material element of which is fraud and embezzlement, which involve a pattern of related felony conduct, and the pattern of related felony conduct involves the taking of more than Five Hundred Thousand Dollars ($500,000).

* * * * *

**NOTICE:** Conviction of this offense will require the defendant to provide DNA samples and print impressions pursuant to Penal Code sections 296 and 296.1. Willful refusal to provide the samples and impressions is a crime.

**NOTICE:** The People of the State of California intend to present evidence and seek jury findings regarding all applicable circumstances in aggravation, pursuant to Penal Code section 1170(b) and *Cunningham v. California* (2007) 549 U.S. 270.

**NOTICE:** A Suspected Child Abuse Report (SCAR) may have been generated within the meaning of Penal Code §§ 11166 and 11168 involving the charges alleged in this complaint. Dissemination of a SCAR is limited by Penal Code §§ 11167 and 11167.5 and a court order is required for full disclosure of the contents of a SCAR.

**NOTICE:** Any allegation making a defendant ineligible to serve a state prison sentence in the county jail shall not be subject to dismissal pursuant to Penal Code § 1385.

THIS COMPLAINT, CASE NUMBER BA403666, CONSISTS OF 32 COUNT(S).

The undersigned swears that he/she is a peace officer for the State of California and that as part of his/her official duties has read and is thoroughly familiar with all aspects of the criminal complaint attached hereto and incorporated herein and that the facts and information set forth in this complaint and in the accompanying documents are true to the best of the undersigned's information and belief and establish probable cause for the issuance of a warrant of arrest for the defendant(s) RAMIN SALARI.

_Seth Jogl_

Affiant/Officer

**Ex. A-19**

Subscribed, re-issued and sworn before me on _____ , 20___ , at LOS ANGELES, County of Los Angeles, California, and it appearing to the Court that probable cause exists for the issuance of a warrant of arrest for the above-named defendant(s), the warrant is so ordered.

_____
Judge of the above-titled Court

.............................................................................................................................................

STEVE COOLEY,  DISTRICT ATTORNEY

BY: _____
SUSAN SCHWARTZ,
DEPUTY

AGENCY:   LACO D.A.        I/O   SETH FOGEL        ID NO.:  532396    PHONE : (213) 974-1689
               BUREAU OF
               INVESTIGATION

DR NO.:   P110739          OPERATOR:  SG       PRELIM. TIME EST.:   4 DAY(S)

| DEFENDANT | CII NO. | DOB | BOOKING NO. | BAIL RECOM'D | CUSTODY R'TN DATE |
|---|---|---|---|---|---|
| RODRIGUEZ, JUAN RENALDO | | 11/29/1964 | | $1,385,000 | |
| SALARI, RAMIN | | 1/28/1963 | | $1,360,000 | |
| MCNEIL, MARK | | 1/11/1958 | | $1,160,000 | |

**FELONY COMPLAINT -- ORDER HOLDING TO ANSWER -- P.C. SECTION 872**

It appearing to me from the evidence presented that the following offense(s) has/have been committed and that there is sufficient cause to believe that the following defendant(s) guilty thereof, to wit:

*(Strike out or add as applicable)*

JUAN RENALDO RODRIGUEZ

| Count No. | Charge | Charge Range | Special Allegation | Alleg. Effect |
|---|---|---|---|---|
| 1 | PC 68 | 2-3-4 State Prison | | |
| 3 | PC 68 | 2-3-4 State Prison | | |
| 5 | PC 68 | 2-3-4 State Prison | | |
| 7 | PC 68 | 2-3-4 State Prison | | |
| 9 | PC 118(a) | 2-3-4 County Jail | | |
| 10 | PC 118(a) | 2-3-4 County Jail | | |
| 11 | PC 118(a) | 2-3-4 County Jail | | |
| 12 | PC 118(a) | 2-3-4 County Jail | | |
| 13 | PC 182(a)(1) | Check Code County Jail | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State Prison |
| 14 | PC 182(a)(1) | Check Code County Jail | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State Prison |
| 19 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) | +2-3-5 State Prison |
| | | | PC 12022.6(a)(2) | +2 Yrs. |
| 20 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State Prison |
| 21 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State Prison |
| 22 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State Prison |
| 23 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State Prison |

**Ex. A-21**

| Count No. | Charge | Charge Range | Special Allegation | Alleg. Effect |
|---|---|---|---|---|
| 24 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) | +2-3-5 State Prison |
|  |  |  | PC 12022.6(a)(2) | +2 Yrs. |
| 25 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
|  |  |  | PC 186.11(a)(2) | +2-3-5 State Prison |
| 26 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
|  |  |  | PC 186.11(a)(2) | +2-3-5 State Prison |
| 27 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
|  |  |  | PC 186.11(a)(2) | +2-3-5 State Prison |
| 28 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
|  |  |  | PC 186.11(a)(2) | +2-3-5 State Prison |
| 29 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
|  |  |  | PC 186.11(a)(2) | +2-3-5 State Prison |
| 30 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
|  |  |  | PC 186.11(a)(2) | +2-3-5 State Prison |
| 31 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
|  |  |  | PC 186.11(a)(2) | +2-3-5 State Prison |
| 32 | PC 118(a) | 2-3-4 County Jail |  |  |

RAMIN SALARI

| Count No. | Charge | Charge Range | Special Allegation | Alleg. Effect |
|---|---|---|---|---|
| 2 | PC 67 | 2-3-4 State Prison |  |  |
| 4 | PC 67 | 2-3-4 State Prison |  |  |
| 6 | PC 67 | 2-3-4 State Prison |  |  |
| 8 | PC 67 | 2-3-4 State Prison |  |  |
| 13 | PC 182(a)(1) | Check Code County Jail | PC 12022.6(a)(2) | +2 Yrs. |
|  |  |  | PC 186.11(a)(2) | +2-3-5 State Prison |
| 14 | PC 182(a)(1) | Check Code County Jail | PC 12022.6(a)(2) | +2 Yrs. |
|  |  |  | PC 186.11(a)(2) | +2-3-5 State Prison |
| 15 | PC 67 | 2-3-4 State Prison |  |  |
| 16 | PC 67 | 2-3-4 State Prison |  |  |
| 17 | PC 67 | 2-3-4 State |  |  |

*FELONY COMPLAINT FOR EXTRADITION*

**Ex. A-22**

| | | | | |
|---|---|---|---|---|
| 18 | PC 67 | Prison<br>2-3-4 State<br>Prison | | |
| 19 | PC 424(a) | 2-3-4 State<br>Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State<br>Prison |
| 20 | PC 424(a) | 2-3-4 State<br>Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State<br>Prison |
| 21 | PC 424(a) | 2-3-4 State<br>Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State<br>Prison |
| 22 | PC 424(a) | 2-3-4 State<br>Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State<br>Prison |
| 23 | PC 424(a) | 2-3-4 State<br>Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State<br>Prison |
| 24 | PC 424(a) | 2-3-4 State<br>Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State<br>Prison |
| 25 | PC 424(a) | 2-3-4 State<br>Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State<br>Prison |
| 26 | PC 424(a) | 2-3-4 State<br>Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State<br>Prison |
| 27 | PC 424(a) | 2-3-4 State<br>Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State<br>Prison |
| 28 | PC 424(a) | 2-3-4 State<br>Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State<br>Prison |
| 29 | PC 424(a) | 2-3-4 State<br>Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State<br>Prison |
| 30 | PC 424(a) | 2-3-4 State<br>Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State<br>Prison |
| 31 | PC 424(a) | 2-3-4 State<br>Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State<br>Prison |

<u>MARK MCNEIL</u>

*FELONY COMPLAINT FOR EXTRADITION*

**Ex. A-23**

| Count No. | Charge | Charge Range | Special Allegation | Alleg. Effect |
|---|---|---|---|---|
| 13 | PC 182(a)(1) | Check Code County Jail | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State Prison |
| 19 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State Prison |
| 20 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State Prison |
| 21 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State Prison |
| 22 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State Prison |
| 23 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State Prison |
| 24 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State Prison |
| 25 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State Prison |
| 26 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State Prison |
| 27 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State Prison |
| 28 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State Prison |
| 29 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State Prison |
| 30 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State Prison |
| 31 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 186.11(a)(2) | +2-3-5 State Prison |

*FELONY COMPLAINT FOR EXTRADITION*

**Ex. A-24**

Subscribed, re-issued and sworn before me on _____10. 16._____, 20_12_, at LOS ANGELES, County of Los Angeles, California, and it appearing to the Court that probable cause exists for the issuance of a warrant of arrest for the above-named defendant(s), the warrant is so ordered.

_____
Judge of the above-titled Court
GEORGE GONZALEZ LOMELI

STEVE COOLEY,  DISTRICT ATTORNEY

BY: _____
SUSAN SCHWARTZ,
DEPUTY

AGENCY:  LACO D.A.         I/O  SETH FOGEL        ID NO.:  532396    PHONE : (213) 974-1689
         BUREAU OF
         INVESTIGATION

DR NO.:  P110739           OPERATOR:  SG          PRELIM. TIME EST.:   4 DAY(S)

| DEFENDANT | CII NO. | DOB | BOOKING NO. | BAIL RECOM'D | CUSTODY R'TN DATE |
|---|---|---|---|---|---|
| RODRIGUEZ, JUAN RENALDO | | 11/29/1964 | | $1,385,000 | |
| SALARI, RAMIN | | 1/28/1963 | | $1,360,000 | |
| MCNEIL, MARK | | 1/11/1958 | | $1,160,000 | |

Ex. A-25

**Exhibit B**

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br>Plaintiff,<br><br>v.<br><br>01  JUAN RENALDO RODRIGUEZ  (11/29/1964),<br>       aka JOHN NOGUEZ,<br>02  RAMIN SALARI  (01/28/1963), and<br>03  MARK MCNEIL  (01/11/1958)<br>Defendant(s). | CASE NO. BA403666<br><br>AMENDED<br>*FELONY COMPLAINT* |

The undersigned is informed and believes that:

COUNT 1

On or about April 26, 2010, in the County of Los Angeles, the crime of ACCEPTING A BRIBE, in violation of PENAL CODE SECTION 68, a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, who unlawfully and knowingly asked for, received, and agreed to receive of and from Ramin Salari, a bribe, to wit, $80,000, for the purpose of influencing the action of said defendant and upon an agreement and understanding that the action of said defendant upon a matter then pending before the said defendant in his official capacity, to wit, Special Assistant to the Assessor of Los Angeles County, should be influenced thereby, said defendant being then and there an executive and a Ministerial Officer, employee, and appointee of the State of California.

* * * * *

COUNT 2

On or about April 26, 2010, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence JUAN RENALDO RODRIGUEZ aka John Noguez in respect to an act, decision, vote, opinion and proceeding of said JUAN RENALDO RODRIGUEZ aka John Noguez, give and offer to give a bribe, to wit, $80,000.

* * * * *

**Ex.B-1**

COUNT 3

On or about July 29, 2010, in the County of Los Angeles, the crime of ACCEPTING A BRIBE, in violation of PENAL CODE SECTION 68, a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, who unlawfully and knowingly asked for, received, and agreed to receive of and from Ramin Salari, a bribe, to wit, $50,000, for the purpose of influencing the action of said defendant and upon an agreement and understanding that the action of said defendant upon a matter then pending before the said defendant in his official capacity, to wit, Special Assistant to the Assessor of Los Angeles County, should be influenced thereby, said defendant being then and there an executive and a Ministerial Officer, employee, and appointee of the State of California.

\* \* \* \* \*

COUNT 4

On or about July 29, 2010, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence JUAN RENALDO RODRIGUEZ aka John Noguez in respect to an act, decision, vote, opinion and proceeding of said JUAN RENALDO RODRIGUEZ aka John Noguez, give and offer to give a bribe, to wit, $50,000.

\* \* \* \* \*

COUNT 5

On or about September 29, 2010, in the County of Los Angeles, the crime of ACCEPTING A BRIBE, in violation of PENAL CODE SECTION 68, a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, who unlawfully and knowingly asked for, received, and agreed to receive of and from Ramin Salari, a bribe, to wit, $50,000, for the purpose of influencing the action of said defendant and upon an agreement and understanding that the action of said defendant upon a matter then pending before the said defendant in his official capacity, to wit, Special Assistant to the Assessor of Los Angeles County, should be influenced thereby, said defendant being then and there an executive and a Ministerial Officer, employee, and appointee of the State of California.

\* \* \* \* \*

**Ex.B-2**

COUNT 6

On or about September 29, 2010, in the County of Los Angeles, the crime of BRIBING AN
EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by
RAMIN SALARI, who did unlawfully and with intent to influence Juan Renaldo Rodriguez aka John
Noguez in respect to an act, decision, vote, opinion and proceeding of said JUAN RENALDO
RODRIGUEZ aka John Noguez, give and offer to give a bribe, to wit, $50,000.

\* \* \* \* \*

COUNT 7

On or about February 17, 2010, in the County of Los Angeles, the crime of ACCEPTING A
BRIBE, in violation of PENAL CODE SECTION 68, a Felony, was committed by JUAN RENALDO
RODRIGUEZ aka JOHN NOGUEZ, who unlawfully and knowingly asked for, received, and agreed to
receive of and from Ramin Salari, a bribe, to wit, $5,000, for the purpose of influencing the action of said
defendant and upon an agreement and understanding that the action of said defendant upon a matter then
pending before the said defendant in his official capacity, to wit, Special Assistant to the Assessor of Los
Angeles County, should be influenced thereby, said defendant being then and there an executive and a
Ministerial Officer, employee, and appointee of the State of California.

\* \* \* \* \*

COUNT 8

On or about February 17, 2010, in the County of Los Angeles, the crime of BRIBING AN
EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by
RAMIN SALARI, who did unlawfully and with intent to influence Juan Renaldo Rodriguez aka John
Noguez in respect to an act, decision, vote, opinion and proceeding of said Juan Renaldo Rodriguez aka
John Noguez, give and offer to give a bribe, to wit, $5,000.

\* \* \* \* \*

Rev. 900-1/99  DA Case 32445745          Page 3          Case No. BA403666
*FELONY COMPLAINT*

Ex.B-3

COUNT 9

On or about December 16, 2010, in the County of Los Angeles, the crime of PERJURY BY DECLARATION, in violation of PENAL CODE SECTION 118(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, who did unlawfully, under penalty of perjury, declare as true, that which was known to be false, to wit: that he had received no loans, on his Statement of Economic Interest, Form 700, for 2010.

* * * * *

COUNT 10

On or about April 2, 2012, in the County of Los Angeles, the crime of PERJURY BY DECLARATION, in violation of PENAL CODE SECTION 118(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, who did unlawfully, under penalty of perjury, declare as true, that which was known to be false, to wit: that he had received no loans, on his statement of Economic Interest, Form 700, for 2011.

* * * * *

COUNT 11

On or about January 13, 2011, in the County of Los Angeles, the crime of PERJURY BY DECLARATION, in violation of PENAL CODE SECTION 118(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, who did unlawfully, under penalty of perjury, declare as true, that which was known to be false, to wit: that he had no reportable interests on any schedule, on his Statement of Economic Interest, Form 700, for 2010.

* * * * *

**Ex.B-4**

COUNT 12

On or about January 26, 2011, in the County of Los Angeles, the crime of PERJURY BY DECLARATION, in violation of PENAL CODE SECTION 118(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, who did unlawfully, under penalty of perjury, declare as true, that which was known to be false, to wit: that he had no reportable interests on any schedule, on his Statement of Economic Interest, Form 700, for year 2010.

* * * * *

COUNT 13

On or between February 1, 2010 and December 31, 2011, in the County of Los Angeles, the crime of CONSPIRACY TO COMMIT A CRIME, in violation of PENAL CODE SECTION 182(a)(1), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who did unlawfully conspire together and with another person and persons whose identity is unknown to commit the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of Section 424(A)(1) of the PENAL Code, a felony; that pursuant to and for the purpose of carrying out the objectives and purposes of the aforesaid conspiracy, the said defendants committed the following overt act and acts at and in the County of LOS ANGELES:

OVERT ACT NO. 1

On or about February 17, 2010, Ramin Salari gave a $5,000 campaign donation to Los Angeles County Assessor candidate Juan Renaldo Rodriguez, aka John Noguez. This donation was laundered. Salari and his wife each contributed the maximum amount of $1,000. Salari's sister, mother and father each also contributed $1,000 to Noguez's campaign fund. Salari wrote checks to his parents and sister reimbursing them for their donations.

OVERT ACT NO. 2

On or about February 18, 2010, Mark McNeil appeared at an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 2328-001-009 (address 7444 Woodman Avenue, Van Nuys), a property represented by tax agent Ramin Salari.

OVERT ACT NO. 3

On or about February 18, 2010, Mark McNeil appeared at an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 7157-015-024 (address 2301 E. Market Street, Long Beach), a property represented by tax agent Ramin Salari.

Ex.B-5

OVERT ACT NO. 4

On or about March 17, 2010,Mark McNeil appeared at an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 4279-019-010 (address 316 18th Street, Santa Monica), a property represented by tax agent Ramin Salari.

OVERT ACT NO. 5

On or about March 17, 2010, Mark McNeil appeared at an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 4261-014-021 (1752 Federal Avenue, Los Angeles, California) a property represented by tax agent Ramin Salari.

OVERT ACT NO. 6

On or about March 17, 2010, Mark McNeil appeared at an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 4281-029-022 (902 Washington Ave. Santa Monica, California) a property represented by tax agent Ramin Salari.

OVERT ACT NO. 7

On or about March 17, 2010, Mark McNeil appeared at an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 4363-006-022 (641 Gayley Avenue, Los Angeles, California) a property represented by tax agent Ramin Salari.

OVERT ACT NO. 8

On or about April 15, 2010, Mark McNeil appeared at an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 4333-029-070 (address 230 S. Hamilton Drive, Beverly Hills), a property represented by tax agent Ramin Salari.

OVERT ACT NO. 9

On or about April 15, 2010 ,Mark McNeil appeared at an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 4377-050-001 (address 2199 Pembridge Ct. Los Angeles), a property represented by tax agent Ramin Salari.

OVERT ACT NO. 10

On or about April 26, 2010, Ramin Salari caused the issuance of check #3784 in the amount of $80,000 to Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 11

On or about July 27, 2010, Mark McNeil appeared at  an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 4188-016-107 (415 Herondo Street, Hermosa Beach, California) a property represented by tax agent Ramin Salari.

**Ex.B-6**

OVERT ACT NO. 12

On or about July 27, 2010, Mark McNeil appeared at  an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 4188-016-072 (420 2nd Street, Hermosa Beach, California) a property represented by tax agent Ramin Salari.

OVERT ACT NO. 13

On or about July 27, 2010, Mark McNeil appeared at in an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 7355-031-054 (21515 S. Western Avenue, Torrance, California) a property represented by tax agent Ramin Salari.

OVERT ACT NO. 14

On or about July 27, 2010, Mark McNeil appeared at an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 6106-030-017 (address 16907 S. Normandie, Gardena), a property represented by tax agent Ramin Salari.

OVERT ACT NO. 15

On or about July 28, 2010, Mark McNeil appeared at an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 5144-003-013 (address 629 S. Broadway, Los Angeles), a property represented by tax agent Ramin Salari.

OVERT ACT NO. 16

On or about July 29, 2010, Mark McNeil appeared at an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 4369-024-007 (address 911 Tione Road, Los Angeles), a property represented by tax agent Ramin Salari.

OVERT ACT NO. 17

On or about July 29, 2010, Mark McNeil appeared at an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 4369-023-014 (address 911 Tione Road, Los Angeles), a property represented by tax agent Ramin Salari.

OVERT ACT NO. 18

On or about July 29, 2010, Mark McNeil appeared at an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 4369-023-015 (address 911 Tione Road, Los Angeles), a property represented by tax agent Ramin Salari.

OVERT ACT NO. 19

On or about July 29, 2010, Mark McNeil appeared at an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 436-025-005 (address 901 Airole Way, Los Angeles), a property represented by tax agent Ramin Salari.

OVERT ACT NO. 20

On or about July 29, 2010, Ramin Salari caused the issuance of check # 3839 in the amount of $50,000 to Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 21

On or about September 29, 2010, Ramin Salari caused the issuance of check # 3902 in the amount of $50,000 to Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 22

Between the dates of October 28, 2010, and February 10, 2011, Ramin Salari provided a list of properties to Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 23

On or about January 4, 2011, Mark McNeil appeared at an Assessment Appeals Board hearing resulting in reducing the assessed value of the property described as AIN 2164-001-035 (address 19900 Ventura Blvd, Woodland Hills), a property represented by tax agent Ramin Salari.

OVERT ACT NO. 24

On or about February 3, 2011 Assessor Representative Mark McNeil appeared at an Assessment Appeals Board hearing which resulted in the reduction of the assessed value of the properties described as AIN 5533-012-021 & 5533-012-022 (1028 Seward Street, Los Angeles, California and 1034 Seward Street, Los Angeles California) properties represented by tax agent Ramin Salari and contained in a list of properties found in the home of Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 25

On or about July 5, 2011, Assessor employee Tony Stearns was assigned by Mark McNeil to appear at an Assessment Appeals Board hearing which resulted in the reduction of the assessed value of the property described as AIN 5545-009-005 (Old Spaghetti Factory) a property represented by tax agent Ramin Salari and contained in a list of properties found in the home of Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 26

On or about June 13, 2011, Assessor employee Roger Walls was assigned by Mark McNeil to appear at an Assessment Appeals Board hearing which resulted in the reduction of the assessed value of the property described as AIN 5517-014-013 (268 S. Hobart Blvd, Los Angeles, California) a property represented by tax agent Ramin Salari and contained in a list of properties found in the home of Juan Renaldo Rodriguez, aka John Noguez.

Ex.B-8

OVERT ACT NO. 27

On or about June 13, 2011, Assessor Representative Tony Stearns was assigned by Mark McNeil to appear at an Assessment Appeals Board hearing which resulted in the reduction of the assessed value of the property described as AIN 5526-038-014 (7411 Beverly Boulevard, Los Angeles, California) a property represented by tax agent Ramin Salari and contained in a list of properties found in the home of Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 28

On or about June 13, 2011, Assessor Representative Tony Stearns was assigned by Mark McNeil to appear at an Assessment Appeals Board hearing which resulted in the reduction of the assessed value of the property described as AIN 4337-009-066 (463 N. La Cienega, Los Angeles, California) a property represented by tax agent Ramin Salari and contained in a list of properties found in the home of Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 29

On or about June 13, 2011, Assessor Representative Tony Stearns was assigned by Mark McNeil to appear at an Assessment Appeals Board hearing which resulted in the reduction of the assessed value of the property described as AIN 5160-023-008/009 (1243 Temple Street, Los Angeles, California) a property represented by tax agent Ramin Salari and contained in a list of properties found in the home of Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 30

On September 27, 2011, Los Angeles County Assessor Juan Renaldo Rodriguez, aka John Noguez, Mark McNeil, and other Assessor executives, attended an Assessment Appeals Hearing for the property described as AIN 2350-018-084 (EQR Academy Village Apartments, 5225 Blakeslee Avenue, North Hollywood, California) a property represented by Ramin Salari, where Juan Renaldo Rodriguez, aka John Noguez, met with the testifying appraiser and Assessor executives met with Assessor Representative Roger Walls.

OVERT ACT NO. 31

On September 27, 2011, at an Assessment Appeals Board hearing regarding the property described as AIN 2350-018-084 (EQR Academy Village Apartments, 5225 Blakeslee Avenue, North Hollywood, California) Assessor Representative Roger Walls, who was assigned by Mark McNeil, recommended an assessed value lower than the assessed value recommended by the testifying appraiser.

OVERT ACT NO. 32

On October 4, 2011, Los Angeles County Assessor Juan Renaldo Rodriguez, aka John Noguez, directed and participated in a meeting in which a testifying appraiser was chastised by Assessor executives and Ramin Salari for not agreeing with an assessed value recommended by Assessor Representative Roger Walls.

OVERT ACT NO. 33

On or about December 1, 2011, Ramin Salari sent an email to Juan Renaldo Rodriguez, aka John Noguez, complaining about the assignment of Assessor Special Assistant David Zoraster to represent the Assessor's Office in an Assessment Appeals Board hearing set for December 6, 2011, regarding a property represented by tax agent Ramin Salari.

OVERT ACT NO. 34

On or about December 2, 2011, David Zoraster was removed at the direction of Juan Renaldo Rodriguez, aka John Noguez, from the Assessment Appeals Board hearing set for December 6, 2011, and replaced by Assessor Representatives Tony Sterns and Marcus deLaat.

OVERT ACT NO. 35

On or about December 6, 2011, Mark McNeil sent an email to his supervisors supporting the assessed value of the properties described as AIN 4188-016-107, (415 Herondo Street, Hermosa Beach, California) and 4188-016-072, (420 2nd Street, Hermosa Beach, California) as proposed by tax agent Ramin Salari, and criticizing the assessed value recommended by the assigned Assessor appraiser.

OVERT ACT NO. 36

On April 25, 2012 , Juan Renaldo Rodriguez was in possession of a list of properties, as well as accompanying Assessor documents, all of which were represented by tax agent Ramin Salari.

\* \* \* \* \*

COUNT 14

On or between October 1, 2010 and December 31, 2010, in the County of Los Angeles, the crime of CONSPIRACY TO COMMIT A CRIME, in violation of PENAL CODE SECTION 182(a)(1), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ and RAMIN SALARI, who did unlawfully conspire together and with another person and persons whose identity is unknown to commit the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of Section 424(A)(1) of the PENAL Code, a felony; that pursuant to and for the purpose of carrying out the objectives and purposes of the aforesaid conspiracy, the said defendants committed the following overt act and acts at and in the County of LOS ANGELES:

OVERT ACT NO. 1

On or about February 17, 2010, Ramin Salari gave a $5,000 campaign donation to Los Angeles County Assessor candidate Juan Renaldo Rodriguez, aka John Noguez.

*FELONY COMPLAINT*

**Ex.B-10**

OVERT ACT NO. 2

On or about April 26, 2010, Ramin Salari caused the issuance of check #3784 in the amount of $80,000 to Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 3

On or about July 29, 2010, Ramin Salari caused the issuance of check #3839 in the amount of $50,000 to Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 4

On or about September 29, 2010, Ramin Salari caused the issuance of check #3902 in the amount of $50,000 to Juan Renaldo Rodriguez, aka John Noguez.

OVERT ACT NO. 5

Between the dates of October 1, 2010, and November 30, 2010, Juan Renaldo Rodriguez, aka John Noguez, approached Assessor appraiser Scott Schenter and told him to "take care of our buddy Ramin," and, "We have to take care of our donors."

OVERT ACT NO. 6

Between the dates of October 1, 2010, and November 30, 2010, Ramin Salari provided Scott Schenter with a list of Appraiser Identification Numbers for properties being represented by tax agent Ramin Salari along with corresponding assessed values requested by Ramin Salari for each property.

OVERT ACT NO. 7

Between the dates of October 1, 2010, and January 3, 2011, Assessor appraiser Scott Schenter prepared multi-value transfer forms reducing the assessed values of over 30 properties as requested by Ramin Salari.

* * * * *

COUNT 15

On or about August 23, 2010, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence Scott Schenter in respect to an act, decision, vote, opinion and proceeding of said Scott Schenter, give and offer to give a bribe, to wit, $30,000.

* * * * *

COUNT 16

On or about October 8, 2010, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence Scott Schenter in respect to an act, decision, vote, opinion and proceeding of said Scott Schenter, give and offer to give a bribe, to wit, $10,000.

* * * * *

COUNT 17

On or about October 29, 2010, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence Scott Schenter in respect to an act, decision, vote, opinion and proceeding of said Scott Schenter, give and offer to give a bribe, to wit, $10,000.

* * * * *

Ex.B-12

COUNT 18

On or about December 7, 2010, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence Scott Schenter in respect to an act, decision, vote, opinion and proceeding of said Scott Schenter, give and offer to give a bribe, to wit, $50,000.

* * * * *

COUNT 19

On and between March 17, 2010 and May 7, 2010, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refund of $8,954.92 for property AIN 4261-101-4021.

* * * * *

COUNT 20

On and between March 17, 2010 and May 7, 2010, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refund of $14,816.75 for property AIN 4363-006-022.

* * * * *

*FELONY COMPLAINT*

**Ex.B-13**

COUNT 21

On or about March 17, 2010 , in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refund of $47,000.00, for property AIN 4406-006-006.

* * * * *

COUNT 22

On and between July 27, 2010 and September 17, 2010, in the County of Los Angeles, the crime of MISAPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refund of $279,786.30 for property AIN 4188-016-107.

* * * * *

COUNT 23

On and between  July 27, 2010 and October 8, 2010, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refund of $284,304.88 for property AIN 4188-016-072.

* * * * *

Ex.B-14

COUNT 24

On and between July 27, 2010 and September 17, 2010, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refund of $157,752.32 for property AIN 7355-031-054.

* * * * *



COUNT 25

On or about February 3, 2011, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refund of $81,089.45 for property AIN 5533-012-021, and $8,087.44 for property AIN 5533-012-022.

* * * * *



COUNT 26

On and between June 13, 2011 and October 7, 2011, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refund of $8,128.62 for property AIN 5517-014-013.

* * * * *

Ex.B-15

COUNT 27

On and between June 13, 2011 and October 7, 2011, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refund of $4,459.23 for property AIN 5160-023-008, and $2,468.48 for property AIN 5160-023-009.

* * * * *

COUNT 28

On or about June 13, 2011, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refunds of $12,015.56 for property AIN 5526-038-014.

* * * * *

COUNT 29

On and between June 13, 2011 and October 7, 2011, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refund of $5,824.12 for property AIN 4337-009-066.

* * * * *

**Ex.B-16**

COUNT 30 

On and between July 5, 2011 and December 9, 2011, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refunds of $80,348.54 for property AIN 5545-009-035.

* * * * *

COUNT 31 

On and between  August 29, 2011 and October 20, 2011, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refund of $166,883.34 for property AIN 7355-031-054.

* * * * *

COUNT 32

On or about July 27, 2011, in the County of Los Angeles, the crime of PERJURY BY DECLARATION, in violation of PENAL CODE SECTION 118(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ, who did unlawfully, under penalty of perjury, declare as true, that which was known to be false, to wit: That as the Assessor of Los Angeles County he did not allow anyone to escape a just and equal assessment through favor, reward or otherwise in his Assessor's Affidavit.

* * * * *

**Ex.B-17**

COUNT 33

On or about February 18, 2010, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit , property tax refund of $ 38,909 for property AIN 2328-001-009.

\* \* \* \* \*

COUNT 34

On or about February 18, 2010, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit , property tax refund of $ 25,000 for property AIN 7157-015-024.

\* \* \* \* \*

COUNT 35

On or about March 17, 2010, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit , property tax refund of $ 9,904 for property AIN 4279-019-010.

\* \* \* \* \*

Ex.B-18

COUNT 36 ᴎ

On or about March 17, 2010, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit, property tax refund of $ 5,295 for property AIN 4281-029-022.

\* \* \* \* \*

COUNT 37  ᴎ

On or about April 15, 2010, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit , property tax refund of $ 103,429 for property AIN 4333-029-070.

\* \* \* \* \*

COUNT 38  ᴎ

On or about April 15, 2010, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit , property tax refund of $ 47,951 for property AIN 4377-050-001.

\* \* \* \* \*

**Ex.B-19**

COUNT 39

On or about July 27, 2010, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit , property tax refund of $ 49,713 for property AIN 6106-030-017.

* * * * *

COUNT 40

On or about July 28, 2010, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit , property tax refund of $ 23,626 for property AIN 5144-003-013.

* * * * *

COUNT 41

On or about July 29, 2010, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit , property tax refund of $ 65,277 for properties AIN 4369-024-007, 4369-023-014 and 4369-023-015.

* * * * *

COUNT 42

On or about July 29, 2010, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit , property tax refund of $ 72,988 for property AIN 4369-025-005.

\* \* \* \* \*

COUNT 43

On or about January 4, 2011, in the County of Los Angeles, the crime of MISAPPROPRIATION OF PUBLIC FUNDS, in violation of PENAL CODE SECTION 424(a), a Felony, was committed by JUAN RENALDO RODRIGUEZ aka JOHN NOGUEZ, RAMIN SALARI and MARK MCNEIL, who being a person described in Penal Code section 424 charged with the receipt, safekeeping, transfer, and distribution of public moneys, did in a manner not incidental and minimal without authority of law, appropriate the same, and a portion thereof, to personal use and the use of another, to wit , property tax refund of $ 6,336 for property AIN 2164-001-035.

\* \* \* \* \*

COUNT 44

On or between March 2, 2001 and January 1, 2012, in the County of Los Angeles, the crime of EMBEZZLEMENT BY PUBLIC OR PRIVATE OFFICER, in violation of PENAL CODE SECTION 504, a Felony, was committed by RAMIN SALARI who did aid, abet, advise or encourage SCOTT SCHENTER, while SCOTT SCHENTER was an appraiser employed by the Los Angeles County Assessor's Office, to unlawfully and fraudulently appropriate to a use and purpose not in the due and lawful execution of his trust, property which he had in his possession and under his control by virtue of his trust, and to unlawfully secrete said property with a fraudulent intent to appropriate it to such a use and purpose contrary to Penal Code Section 487(a), said property being of a value exceeding four hundred dollars ($400), to wit property taxes of $ 3,376,445 for property AIN 8940-370-049.

It is further alleged that the said embezzlement and defalcation was of the public funds of the County of Los Angeles within the meaning of Penal Code Section 514.

* * * * *

COUNT 45

On or between March 2, 2001 and January 1, 2012, in the County of Los Angeles, the crime of GRAND THEFT OF PERSONAL PROPERTY, in violation of PENAL CODE SECTION 487(a), a Felony, was committed by RAMIN SALARI, who did unlawfully and by false pretenses take money and personal property of a value exceeding Four Hundred Dollars ($400), to wit the property the property of LOS ANGELES COUNTY.

* * * * *

COUNT 46

. On or between January 1, 2001 and January 1, 2012, in the County of Los Angeles, the crime of EMBEZZLEMENT BY PUBLIC OR PRIVATE OFFICER, in violation of PENAL CODE SECTION 504, a Felony, was committed by RAMIN SALARI who did aid, abet, advise or encourage SCOTT SCHENTER, while SCOTT SCHENTER was an appraiser employed by the Los Angeles County Assessor's Office, to unlawfully and fraudulently appropriate to a use and purpose not in the due and lawful execution of his trust, property which he had in his possession and under his control by virtue of his trust, and to unlawfully secrete said property with a fraudulent intent to appropriate it to such a use and purpose contrary to Penal Code Section 487(a), said property being of a value exceeding four hundred dollars ($400), to wit property taxes of $ 1,388,351 for property AIN 8940-314-003.

It is further alleged that the said embezzlement and defalcation was of the public funds of the County of Los Angeles within the meaning of Penal Code Section 514.

* * * * *

COUNT 47

On or between January 1, 2001 and January 1, 2012, in the County of Los Angeles, the crime of GRAND THEFT OF PERSONAL PROPERTY, in violation of PENAL CODE SECTION 487(a), a Felony, was committed by RAMIN SALARI, who did unlawfully and by false pretenses take money and personal property of a value exceeding Four Hundred Dollars ($400), to wit the property the property of LOS ANGELES COUNTY.

* * * * *

COUNT 48

On or between March 5, 2001 and February, 2012, in the County of Los Angeles, the crime of
EMBEZZLEMENT BY PUBLIC OR PRIVATE OFFICER, in violation of PENAL CODE SECTION 504,
a Felony, was committed by RAMIN SALARI who did aid, abet, advise or encourage SCOTT
SCHENTER, while SCOTT SCHENTER was an appraiser employed by the Los Angeles County
Assessor's Office, to unlawfully and fraudulently appropriate to a use and purpose not in the due and lawful
execution of his trust, property which he had in his possession and under his control by virtue of his trust,
and to unlawfully secrete said property with a fraudulent intent to appropriate it to such a use and purpose
contrary to Penal Code Section 487(a), said property being of a value exceeding four hundred dollars
($400), to wit property taxes of $ 228,632 for property AIN 8940-031-033.

It is further alleged that the said embezzlement and defalcation was of the public funds of the County of Los
Angeles within the meaning of Penal Code Section 514.

* * * * *

COUNT 49

On or between March 5, 2001 and February 1, 2012, in the County of Los Angeles, the crime of
GRAND THEFT OF PERSONAL PROPERTY, in violation of PENAL CODE SECTION 487(a), a
Felony, was committed by RAMIN SALARI, who did unlawfully and by false pretenses take money and
personal property of a value exceeding Four Hundred Dollars ($400), to wit the property the property of
LOS ANGELES COUNTY.

* * * * *

Ex.B-24

COUNT 50

On or between April 7, 1998 and November 1, 2011, in the County of Los Angeles, the crime of
EMBEZZLEMENT BY PUBLIC OR PRIVATE OFFICER, in violation of PENAL CODE SECTION 504,
a Felony, was committed by RAMIN SALARI who did aid, abet, advise or encourage SCOTT
SCHENTER, while SCOTT SCHENTER was an appraiser employed by the Los Angeles County
Assessor's Office, to unlawfully and fraudulently appropriate to a use and purpose not in the due and lawful
execution of his trust, property which he had in his possession and under his control by virtue of his trust,
and to unlawfully secrete said property with a fraudulent intent to appropriate it to such a use and purpose
contrary to Penal Code Section 487(a), said property being of a value exceeding four hundred dollars
($400), to wit property taxes of $ 218,871 for property AIN 8940-314-038.

It is further alleged that the said embezzlement and defalcation was of the public funds of the County of Los
Angeles within the meaning of Penal Code Section 514.

* * * * *

COUNT 51

On or between April 7, 1998 and November 1, 2011, in the County of Los Angeles, the crime of
GRAND THEFT OF PERSONAL PROPERTY, in violation of PENAL CODE SECTION 487(a), a
Felony, was committed by RAMIN SALARI, who did unlawfully and by false pretenses take money and
personal property of a value exceeding Four Hundred Dollars ($400), to wit the property the property of
LOS ANGELES COUNTY.

* * * * *

Ex.B-25

COUNT 52

On or between May 30, 2001 and May 1, 2009, in the County of Los Angeles, the crime of
EMBEZZLEMENT BY PUBLIC OR PRIVATE OFFICER, in violation of PENAL CODE SECTION 504,
a Felony, was committed by RAMIN SALARI who did aid, abet, advise or encourage SCOTT
SCHENTER, while SCOTT SCHENTER was an appraiser employed by the Los Angeles County
Assessor's Office, to unlawfully and fraudulently appropriate to a use and purpose not in the due and lawful
execution of his trust, property which he had in his possession and under his control by virtue of his trust,
and to unlawfully secrete said property with a fraudulent intent to appropriate it to such a use and purpose
contrary to Penal Code Section 487(a), said property being of a value exceeding four hundred dollars
($400), to wit property taxes of $ 122,687 for property AIN 8940-262-005.

It is further alleged that the said embezzlement and defalcation was of the public funds of the County of Los
Angeles within the meaning of Penal Code Section 514.

* * * * *

COUNT 53

On or between May 30, 2001 and May 1, 2009, in the County of Los Angeles, the crime of
GRAND THEFT OF PERSONAL PROPERTY, in violation of PENAL CODE SECTION 487(a), a
Felony, was committed by RAMIN SALARI, who did unlawfully and by false pretenses take money and
personal property of a value exceeding Four Hundred Dollars ($400), to wit the property the property of
LOS ANGELES COUNTY.

* * * * *

COUNT 54

On or between April 24, 2000 and June 1, 2012, in the County of Los Angeles, the crime of
EMBEZZLEMENT BY PUBLIC OR PRIVATE OFFICER, in violation of PENAL CODE SECTION 504,
a Felony, was committed by RAMIN SALARI who did aid, abet, advise or encourage SCOTT
SCHENTER, while SCOTT SCHENTER was an appraiser employed by the Los Angeles County
Assessor's Office, to unlawfully and fraudulently appropriate to a use and purpose not in the due and lawful
execution of his trust, property which he had in his possession and under his control by virtue of his trust,
and to unlawfully secrete said property with a fraudulent intent to appropriate it to such a use and purpose
contrary to Penal Code Section 487(a), said property being of a value exceeding four hundred dollars
($400), to wit property taxes of $ 205,497 for property AIN 8940-262-017 and 018.

It is further alleged that the said embezzlement and defalcation was of the public funds of the County of Los
Angeles within the meaning of Penal Code Section 514.

* * * * *

COUNT 55

On or between April 24, 2000 and June 1, 2012, in the County of Los Angeles, the crime of
GRAND THEFT OF PERSONAL PROPERTY, in violation of PENAL CODE SECTION 487(a), a
Felony, was committed by RAMIN SALARI, who did unlawfully and by false pretenses take money and
personal property of a value exceeding Four Hundred Dollars ($400), to wit the property the property of
LOS ANGELES COUNTY.

* * * * *

COUNT 56

On or between May 23, 2002 and March 1, 2011, in the County of Los Angeles, the crime of
EMBEZZLEMENT BY PUBLIC OR PRIVATE OFFICER, in violation of PENAL CODE SECTION 504,
a Felony, was committed by RAMIN SALARI who did aid, abet, advise or encourage SCOTT
SCHENTER, while SCOTT SCHENTER was an appraiser employed by the Los Angeles County
Assessor's Office, to unlawfully and fraudulently appropriate to a use and purpose not in the due and lawful
execution of his trust, property which he had in his possession and under his control by virtue of his trust,
and to unlawfully secrete said property with a fraudulent intent to appropriate it to such a use and purpose
contrary to Penal Code Section 487(a), said property being of a value exceeding four hundred dollars
($400), to wit property taxes of $ 4,193,572 for property AIN 8940-253-005.

It is further alleged that the said embezzlement and defalcation was of the public funds of the County of Los
Angeles within the meaning of Penal Code Section 514.

* * * * *

COUNT 57

On or between May 23, 2002 and March 1, 2011, in the County of Los Angeles, the crime of
GRAND THEFT OF PERSONAL PROPERTY, in violation of PENAL CODE SECTION 487(a), a
Felony, was committed by RAMIN SALARI, who did unlawfully and by false pretenses take money and
personal property of a value exceeding Four Hundred Dollars ($400), to wit the property the property of
LOS ANGELES COUNTY.

* * * * *

COUNT 58

On or about May 29, 2002, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence SCOTT SCHENTER in respect to an act, decision, vote, opinion and proceeding of said SCOTT SCHENTER, give and offer to give a bribe, to wit, $10,000.

* * * * *

COUNT 59

On or about September 12, 2002, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence SCOTT SCHENTER in respect to an act, decision, vote, opinion and proceeding of said SCOTT SCHENTER, give and offer to give a bribe, to wit, $10,000.

* * * * *

COUNT 60

On or about December 18, 2002, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence SCOTT SCHENTER in respect to an act, decision, vote, opinion and proceeding of said SCOTT SCHENTER, give and offer to give a bribe, to wit, $ 35,000.

* * * * *

*FELONY COMPLAINT*

**Ex.B-29**

COUNT 61

On or about April 14, 2003, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence SCOTT SCHENTER in respect to an act, decision, vote, opinion and proceeding of said SCOTT SCHENTER, give and offer to give a bribe, to wit, $ 10,000.

* * * * *

COUNT 62

On or about September 12, 2003, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence SCOTT SCHENTER in respect to an act, decision, vote, opinion and proceeding of said SCOTT SCHENTER, give and offer to give a bribe, to wit, $ 5,000.

* * * * *

COUNT 63

On or about September 23, 2003, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence SCOTT SCHENTER in respect to an act, decision, vote, opinion and proceeding of said SCOTT SCHENTER, give and offer to give a bribe, to wit, 5,000.

* * * * *

COUNT 64

On or about December 17, 2004, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence SCOTT SCHENTER in respect to an act, decision, vote, opinion and proceeding of said SCOTT SCHENTER, give and offer to give a bribe, to wit, $ 4,000.

* * * * *

COUNT 65

On or about January 3, 2005, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence SCOTT SCHENTER in respect to an act, decision, vote, opinion and proceeding of said SCOTT SCHENTER, give and offer to give a bribe, to wit, $ 6,500.

* * * * *

COUNT 66

On or about February 13, 2005, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence SCOTT SCHENTER in respect to an act, decision, vote, opinion and proceeding of said SCOTT SCHENTER, give and offer to give a bribe, to wit, $ 9,000.

* * * * *

COUNT 67

On or about May 23, 2006, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence SCOTT SCHENTER in respect to an act, decision, vote, opinion and proceeding of said SCOTT SCHENTER, give and offer to give a bribe, to wit, $ 16,842.

* * * * *

COUNT 68

On or about June 8, 2006, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence SCOTT SCHENTER in respect to an act, decision, vote, opinion and proceeding of said SCOTT SCHENTER, give and offer to give a bribe, to wit, $ 2,903.

* * * * *

COUNT 69

On or about July 9, 2006, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence SCOTT SCHENTER in respect to an act, decision, vote, opinion and proceeding of said SCOTT SCHENTER, give and offer to give a bribe, to wit, $ 8,000.

* * * * *

Ex.B-32

COUNT 70

On or about August 18, 2006, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence SCOTT SCHENTER in respect to an act, decision, vote, opinion and proceeding of said SCOTT SCHENTER, give and offer to give a bribe, to wit, $ 10,000.

\* \* \* \* \*

COUNT 71

On or about January 3, 2007, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence SCOTT SCHENTER in respect to an act, decision, vote, opinion and proceeding of said SCOTT SCHENTER, give and offer to give a bribe, to wit, $ 8,027.

\* \* \* \* \*

COUNT 72

On or about February 4, 2007, in the County of Los Angeles, the crime of BRIBING AN EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by RAMIN SALARI, who did unlawfully and with intent to influence SCOTT SCHENTER in respect to an act, decision, vote, opinion and proceeding of said SCOTT SCHENTER, give and offer to give a bribe, to wit, $ 12,887.

\* \* \* \* \*

Ex.B-33

COUNT 73

On or about April 16, 2007, in the County of Los Angeles, the crime of BRIBING AN
EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 67, a Felony, was committed by
RAMIN SALARI, who did unlawfully and with intent to influence SCOTT SCHENTER in respect to an
act, decision, vote, opinion and proceeding of said SCOTT SCHENTER, give and offer to give a bribe, to
wit, $ 15,000.

It is further alleged as to count(s) 13, 14, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, 35, 36, 37,
38, 39, 40, 41, 42 and 43 that in the commission of the above offense(s) the said defendant(s), JUAN
RENALDO RODRIGUEZ, MARK MCNEIL and RAMIN SALARI, with the intent to do so, took,
damaged, and destroyed property of a value exceeding $200,000, within the meaning of Penal Code section
12022.6(a)(2).

It is further alleged, pursuant to Penal Code section 186.11(a), that the offenses set forth in counts
13, 14, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 45, 47, 49,
51, 53, 55 and 57 are related felonies, a material element of which is fraud and embezzlement, which
involve a pattern of related felony conduct, and the pattern of related felony conduct involves the taking of
more than Five Hundred Thousand Dollars ($500,000).

It is further alleged as to count(s) 13, 14, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34,
35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, and 57 that in the
commission of the above offense(s) the said defendant(s), RAMIN SALARI, with the intent to do so, took,
damaged and destroyed property of a value exceeding $2,500,000, within the meaning of Penal Code
Section 12022.6(a)(4).

It is further alleged as to count(s) 44, 46, 48, 50, 52, 54, 56, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67,
68, 69, 70, 71, 72, and 73, offenses described in Penal Code section 803(c),that the above violation was not
discovered until September 12, 2012, by Los Angeles County District Attorney's Investigators, upon
reviewing Ramin Salari's financial records which disclosed sixteen payments made by Ramin Salari and
Assessment Appeals Services to Scott Schenter's wife from May 29, 2002 through April 16, 2007, and that
no victim of said violation and no law enforcement agency chargeable with the investigation and
prosecution of said violation had actual and constructive knowledge of said violation prior to said date
because these bribes were concealed by Schenter and were described by Salari as "referral fees" rather then
as "bribes", within the meaning of Penal Code section 803(c).

* * * * *

NOTICE: Conviction of this offense will require the defendant to provide DNA samples and print impressions pursuant to Penal Code sections 296 and 296.1.  Willful refusal to provide the samples and impressions is a crime.

NOTICE:  The People of the State of California intend to present evidence and seek jury findings regarding all applicable circumstances in aggravation, pursuant to Penal Code section 1170(b) and *Cunningham v. California* (2007) 549 U.S. 270.

NOTICE:  A Suspected Child Abuse Report (SCAR) may have been generated within the meaning of Penal Code §§ 11166 and 11168 involving the charges alleged in this complaint.  Dissemination of a SCAR is limited by Penal Code §§ 11167 and 11167.5 and a court order is required for full disclosure of the contents of a SCAR

NOTICE:  Any allegation making a defendant ineligible to serve a state prison sentence in the county jail shall not be subject to dismissal pursuant to Penal Code § 1385.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS COMPLAINT, CASE NUMBER BA403666, CONSISTS OF 73 COUNT(S).

Executed at LOS ANGELES, County of Los Angeles, on April 22, 2013.

SETH FOGEL
DECLARANT AND COMPLAINANT

JACKIE LACEY,  DISTRICT ATTORNEY

BY: _____
SUSAN SCHWARTZ, DEPUTY

| AGENCY: | LACO D.A. BUREAU OF INVESTIGATION | I/O: SETH FOGEL | ID NO.: 532396 | PHONE: (213) 974-1689 |
| DR NO.: | P110739 | OPERATOR:  RA | PRELIM. TIME EST.:  4 DAY(S) | |

| DEFENDANT | CII NO. | DOB | BOOKING NO. | BAIL RECOM'D | CUSTODY R'TN DATE |
|---|---|---|---|---|---|
| RODRIGUEZ, JUAN RENALDO | | 11/29/1964 | | $1,385,000 | |
| SALARI, RAMIN | | 1/28/1963 | | $1,360,000 | |
| MCNEIL, MARK | | 1/11/1958 | | $1,160,000 | |

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.

**Ex.B-36**

**FELONY COMPLAINT -- ORDER HOLDING TO ANSWER -- P.C. SECTION 872**

It appearing to me from the evidence presented that the following offense(s) has/have been committed and that there is sufficient cause to believe that the following defendant(s) guilty thereof, to wit:

*(Strike out or add as applicable)*

JUAN RENALDO RODRIGUEZ

| Count No. | Charge | Charge Range | Special Allegation | Alleg. Effect |
|---|---|---|---|---|
| 1 | PC 68 | 2-3-4 State Prison | | |
| 3 | PC 68 | 2-3-4 State Prison | | |
| 5 | PC 68 | 2-3-4 State Prison | | |
| 7 | PC 68 | 2-3-4 State Prison | | |
| 9 | PC 118(a) | 2-3-4 County Jail | | |
| 10 | PC 118(a) | 2-3-4 County Jail | | |
| 11 | PC 118(a) | 2-3-4 County Jail | | |
| 12 | PC 118(a) | 2-3-4 County Jail | | |
| 13 | PC 182(a)(1) | Check Code County Jail | PC 186.11(a)(2) PC 12022.6(a)(2) | +2-3-5 State Prison +2 Yrs. |
| 14 | PC 182(a)(1) | Check Code County Jail | PC 186.11(a)(2) PC 12022.6(a)(2) | +2-3-5 State Prison +2 Yrs. |
| 19 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) PC 12022.6(a)(2) | +2-3-5 State Prison +2 Yrs. |
| 20 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) PC 12022.6(a)(2) | +2-3-5 State Prison +2 Yrs. |
| 21 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) PC 12022.6(a)(2) | +2-3-5 State Prison +2 Yrs. |
| 22 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) PC 12022.6(a)(2) | +2-3-5 State Prison +2 Yrs. |
| 23 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) PC 12022.6(a)(2) | +2-3-5 State Prison +2 Yrs. |
| 24 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) PC 12022.6(a)(2) | +2-3-5 State Prison +2 Yrs. |
| 25 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) PC 12022.6(a)(2) | +2-3-5 State Prison +2 Yrs. |
| 26 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) PC 12022.6(a)(2) | +2-3-5 State Prison +2 Yrs. |
| 27 | PC 424(a) | 2-3-4 State | PC 186.11(a)(2) | +2-3-5 State |

| Count No. | Charge | Charge Range | Special Allegation | Alleg. Effect |
|---|---|---|---|---|
| | | Prison | | Prison |
| | | | PC 12022.6(a)(2) | +2 Yrs. |
| 28 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) | +2-3-5 State Prison |
| | | | PC 12022.6(a)(2) | +2 Yrs. |
| 29 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) | +2-3-5 State Prison |
| | | | PC 12022.6(a)(2) | +2 Yrs. |
| 30 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) | +2-3-5 State Prison |
| | | | PC 12022.6(a)(2) | +2 Yrs. |
| 31 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) | +2-3-5 State Prison |
| | | | PC 12022.6(a)(2) | +2 Yrs. |
| 32 | PC 118(a) | 2-3-4 County Jail | | |
| 33 | PC 424(a) | 2-3-4 State Prison | | |
| 34 | PC 424(a) | 2-3-4 State Prison | | |
| 35 | PC 424(a) | 2-3-4 State Prison | | |
| 36 | PC 424(a) | 2-3-4 State Prison | | |
| 37 | PC 424(a) | 2-3-4 State Prison | | |
| 38 | PC 424(a) | 2-3-4 State Prison | | |
| 39 | PC 424(a) | 2-3-4 State Prison | | |
| 40 | PC 424(a) | 2-3-4 State Prison | | |
| 41 | PC 424(a) | 2-3-4 State Prison | | |
| 42 | PC 424(a) | 2-3-4 State Prison | | |
| 43 | PC 424(a) | 2-3-4 State Prison | | |

RAMIN SALARI

| Count No. | Charge | Charge Range | Special Allegation | Alleg. Effect |
|---|---|---|---|---|
| 2 | PC 67 | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs. |
| | | | PC 803(c) | Check Code |
| 4 | PC 67 | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs. |
| | | | PC 803(c) | Check Code |
| 6 | PC 67 | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs. |
| | | | PC 803(c) | Check Code |
| 8 | PC 67 | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs. |
| | | | PC 803(c) | Check Code |
| 13 | PC 182(a)(1) | Check Code County Jail | PC 186.11(a)(2) | +2-3-5 State Prison |
| | | | PC 12022.6(a)(4) | +4 Yrs. |
| | | | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 803(c) | Check Code |
| 14 | PC 182(a)(1) | Check Code County Jail | PC 186.11(a)(2) | +2-3-5 State Prison |

*FELONY COMPLAINT*

**Ex.B-38**

|    |          |                    | PC 12022.6(a)(4) | +4 Yrs. |
|----|----------|--------------------|------------------|---------|
|    |          |                    | PC 12022.6(a)(2) | +2 Yrs. |
|    |          |                    | PC 803(c)        | Check Code |
| 15 | PC 67    | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs. |
|    |          |                    |                  |         |
|    |          |                    | PC 803(c)        | Check Code |
| 16 | PC 67    | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs. |
|    |          |                    |                  |         |
|    |          |                    | PC 803(c)        | Check Code |
| 17 | PC 67    | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs. |
|    |          |                    |                  |         |
|    |          |                    | PC 803(c)        | Check Code |
| 18 | PC 67    | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs. |
|    |          |                    |                  |         |
|    |          |                    | PC 803(c)        | Check Code |
| 19 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2)  | +2-3-5 State Prison |
|    |          |                    | PC 12022.6(a)(4) | +4 Yrs. |
|    |          |                    | PC 12022.6(a)(2) | +2 Yrs. |
|    |          |                    | PC 803(c)        | Check Code |
| 20 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2)  | +2-3-5 State Prison |
|    |          |                    | PC 12022.6(a)(4) | +4 Yrs. |
|    |          |                    | PC 12022.6(a)(2) | +2 Yrs. |
|    |          |                    | PC 803(c)        | Check Code |
| 21 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2)  | +2-3-5 State Prison |
|    |          |                    | PC 12022.6(a)(4) | +4 Yrs. |
|    |          |                    | PC 12022.6(a)(2) | +2 Yrs. |
|    |          |                    | PC 803(c)        | Check Code |
| 22 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2)  | +2-3-5 State Prison |
|    |          |                    | PC 12022.6(a)(4) | +4 Yrs. |
|    |          |                    | PC 12022.6(a)(2) | +2 Yrs. |
|    |          |                    | PC 803(c)        | Check Code |
| 23 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2)  | +2-3-5 State Prison |
|    |          |                    | PC 12022.6(a)(4) | +4 Yrs. |
|    |          |                    | PC 12022.6(a)(2) | +2 Yrs. |
|    |          |                    | PC 803(c)        | Check Code |
| 24 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2)  | +2-3-5 State Prison |
|    |          |                    | PC 12022.6(a)(4) | +4 Yrs. |
|    |          |                    | PC 12022.6(a)(2) | +2 Yrs. |
|    |          |                    | PC 803(c)        | Check Code |
| 25 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2)  | +2-3-5 State Prison |
|    |          |                    | PC 12022.6(a)(4) | +4 Yrs. |
|    |          |                    | PC 12022.6(a)(2) | +2 Yrs. |
|    |          |                    | PC 803(c)        | Check Code |
| 26 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2)  | +2-3-5 State Prison |
|    |          |                    | PC 12022.6(a)(4) | +4 Yrs. |
|    |          |                    | PC 12022.6(a)(2) | +2 Yrs. |
|    |          |                    | PC 803(c)        | Check Code |
| 27 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2)  | +2-3-5 State Prison |
|    |          |                    | PC 12022.6(a)(4) | +4 Yrs. |
|    |          |                    | PC 12022.6(a)(2) | +2 Yrs. |
|    |          |                    | PC 803(c)        | Check Code |

*FELONY COMPLAINT*

**Ex.B-39**

| | | | | |
|---|---|---|---|---|
| 28 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) | +2-3-5 State Prison |
| | | | PC 12022.6(a)(4) | +4 Yrs. |
| | | | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 803(c) | Check Code |
| 29 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) | +2-3-5 State Prison |
| | | | PC 12022.6(a)(4) | +4 Yrs. |
| | | | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 803(c) | Check Code |
| 30 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) | +2-3-5 State Prison |
| | | | PC 12022.6(a)(4) | +4 Yrs. |
| | | | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 803(c) | Check Code |
| 31 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) | +2-3-5 State Prison |
| | | | PC 12022.6(a)(4) | +4 Yrs. |
| | | | PC 12022.6(a)(2) | +2 Yrs. |
| | | | PC 803(c) | Check Code |
| 33 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs. |
| | | | PC 803(c) | Check Code |
| 34 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs. |
| | | | PC 803(c) | Check Code |
| 35 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs. |
| | | | PC 803(c) | Check Code |
| 36 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs. |
| | | | PC 803(c) | Check Code |
| 37 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs. |
| | | | PC 803(c) | Check Code |
| 38 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs. |
| | | | PC 803(c) | Check Code |
| 39 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs. |
| | | | PC 803(c) | Check Code |
| 40 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs. |
| | | | PC 803(c) | Check Code |
| 41 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs. |
| | | | PC 803(c) | Check Code |
| 42 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs. |
| | | | PC 803(c) | Check Code |
| 43 | PC 424(a) | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs. |
| | | | PC 803(c) | Check Code |
| 44 | PC 504 | 16-2-3 State Prison | PC 12022.6(a)(4) | +4 Yrs County Jail |
| | | | PC 514 | 16-2-3 State Prison |
| | | | PC 803(c) | Check Code |
| 45 | PC 487(a) | 16-2-3 County Jail | | |

*FELONY COMPLAINT*

**Ex.B-40**

| 46 | PC 504 | 16-2-3 State Prison | PC 12022.6(a)(4) | +4 Yrs County Jail |
| | | | PC 514 | 16-2-3 State Prison |
| | | | PC 803(c) | Check Code |
| 47 | PC 487(a) | 16-2-3 County Jail | | |
| 48 | PC 504 | 16-2-3 State Prison | PC 12022.6(a)(4) | +4 Yrs County Jail |
| | | | PC 514 | 16-2-3 State Prison |
| | | | PC 803(c) | Check Code |
| 49 | PC 487(a) | 16-2-3 County Jail | | |
| 50 | PC 504 | 16-2-3 State Prison | PC 12022.6(a)(4) | +4 Yrs County Jail |
| | | | PC 514 | 16-2-3 State Prison |
| | | | PC 803(c) | Check Code |
| 51 | PC 487(a) | 16-2-3 County Jail | | |
| 52 | PC 504 | 16-2-3 State Prison | PC 12022.6(a)(4) | +4 Yrs County Jail |
| | | | PC 514 | 16-2-3 State Prison |
| | | | PC 803(c) | Check Code |
| 53 | PC 487(a) | 16-2-3 County Jail | | |
| 54 | PC 504 | 16-2-3 State Prison | PC 12022.6(a)(4) | +4 Yrs County Jail |
| | | | PC 514 | 16-2-3 State Prison |
| | | | PC 803(c) | Check Code |
| 55 | PC 487(a) | 16-2-3 County Jail | | |
| 56 | PC 504 | 16-2-3 State Prison | PC 12022.6(a)(4) | +4 Yrs County Jail |
| | | | PC 514 | 16-2-3 State Prison |
| | | | PC 803(c) | Check Code |
| 57 | PC 487(a) | 16-2-3 County Jail | | |
| 58 | PC 67 | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs County Jail |
| | | | PC 803(c) | Check Code |
| 59 | PC 67 | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs County Jail |
| | | | PC 803(c) | Check Code |
| 60 | PC 67 | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs County Jail |
| | | | PC 803(c) | Check Code |
| 61 | PC 67 | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs County Jail |
| | | | PC 803(c) | Check Code |
| 62 | PC 67 | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs County Jail |
| | | | PC 803(c) | Check Code |
| 63 | PC 67 | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs County Jail |
| | | | PC 803(c) | Check Code |

| 64 | PC 67 | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs County Jail |
| | | | PC 803(c) | Check Code |
| 65 | PC 67 | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs County Jail |
| | | | PC 803(c) | Check Code |
| 66 | PC 67 | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs County Jail |
| | | | PC 803(c) | Check Code |
| 67 | PC 67 | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs County Jail |
| | | | PC 803(c) | Check Code |
| 68 | PC 67 | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs County Jail |
| | | | PC 803(c) | Check Code |
| 69 | PC 67 | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs County Jail |
| | | | PC 803(c) | Check Code |
| 70 | PC 67 | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs County Jail |
| | | | PC 803(c) | Check Code |
| 71 | PC 67 | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs County Jail |
| | | | PC 803(c) | Check Code |
| 72 | PC 67 | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs County Jail |
| | | | PC 803(c) | Check Code |
| 73 | PC 67 | 2-3-4 State Prison | PC 12022.6(a)(4) | +4 Yrs County Jail |
| | | | PC 803(c) | Check Code |

MARK MCNEIL

| Count No. | Charge | Charge Range | Special Allegation | Alleg. Effect |
|---|---|---|---|---|
| 13 | PC 182(a)(1) | Check Code County Jail | PC 186.11(a)(2) | +2-3-5 State Prison |
| | | | PC 12022.6(a)(2) | +2 Yrs. |
| 19 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) | +2-3-5 State Prison |
| | | | PC 12022.6(a)(2) | +2 Yrs. |
| 20 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) | +2-3-5 State Prison |
| | | | PC 12022.6(a)(2) | +2 Yrs. |
| 21 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) | +2-3-5 State Prison |
| | | | PC 12022.6(a)(2) | +2 Yrs. |
| 22 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) | +2-3-5 State Prison |
| | | | PC 12022.6(a)(2) | +2 Yrs. |
| 24 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) | +2-3-5 State Prison |
| | | | PC 12022.6(a)(2) | +2 Yrs. |
| 25 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) | +2-3-5 State Prison |
| | | | PC 12022.6(a)(2) | +2 Yrs. |
| 27 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) | +2-3-5 State Prison |
| | | | PC 12022.6(a)(2) | +2 Yrs. |
| 28 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) | +2-3-5 State Prison |
| | | | PC 12022.6(a)(2) | +2 Yrs. |

| 29 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) | +2-3-5 State Prison |
| | | | PC 12022.6(a)(2) | +2 Yrs. |
| 30 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) | +2-3-5 State Prison |
| | | | PC 12022.6(a)(2) | +2 Yrs. |
| 31 | PC 424(a) | 2-3-4 State Prison | PC 186.11(a)(2) | +2-3-5 State Prison |
| | | | PC 12022.6(a)(2) | +2 Yrs. |
| 33 | PC 424(a) | 2-3-4 State Prison | | |
| 34 | PC 424(a) | 2-3-4 State Prison | | |
| 35 | PC 424(a) | 2-3-4 State Prison | | |
| 36 | PC 424(a) | 2-3-4 State Prison | | |
| 37 | PC 424(a) | 2-3-4 State Prison | | |
| 38 | PC 424(a) | 2-3-4 State Prison | | |
| 39 | PC 424(a) | 2-3-4 State Prison | | |
| 40 | PC 424(a) | 2-3-4 State Prison | | |
| 41 | PC 424(a) | 2-3-4 State Prison | | |
| 42 | PC 424(a) | 2-3-4 State Prison | | |
| 43 | PC 424(a) | 2-3-4 State Prison | | |

I order that the defendant(s) be held to answer therefore and be admitted to bail in the sum of:

JUAN RENALDO RODRIGUEZ        _____ Dollars

RAMIN SALARI                  _____ Dollars

MARK MCNEIL                   _____ Dollars

*FELONY COMPLAINT*

**Ex.B-43**

and be committed to the custody of the Sheriff of Los Angeles County until such bail is given.  Date of arraignment in Superior Court will be:

JUAN RENALDO RODRIGUEZ _____ in Dept _____

RAMIN SALARI _____ in Dept _____

MARK MCNEIL _____ in Dept _____

at: _____ A.M.

Date:_____            _____
                                *Committing Magistrate*